[No. 36282-8-I. Division One. April 15, 1996.]

WILLIAM CLYMER, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

*James A. Lambka* and *Kenneth B. Shellan & Associates,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Winslow Whitman, Deputy,* for respondent.

PER CURIAM — William Clymer wanted to appeal an unemployment determination made in his case by the Commissioner of Employment Security. Although Clymer's attorney left the Petition for Review for a legal messenger several days before the deadline, the messenger did

not take the Petition from the attorney's office, evidently because it was not accompanied by a filing fee. Someone in the attorney's office found the Petition one day after the deadline for filing expired, and filed it that same day. The superior court dismissed Clymer's appeal, and we affirm.

## FACTS

The Commissioner of the Washington's Employment Security Department issued a final decision relating to William Clymer's unemployment benefits application on July 8, 1994. On August 4, 1994, Clymer mailed copies of his Petition For Review to the Commissioner, the Attorney General, and his former employer. Also on August 4, 1994, Clymer's attorney, James Lambka, left the original Petition For Review on his receptionist's mantel with instructions to a legal messenger to file the Petition in superior court. Lambka left the office, the messenger arrived and questioned the receptionist as to why no check accompanied the original Petition. The receptionist stated that if the paper was out for pick up it should probably go. The messenger did not take the Petition, although no one at Lambka's office realized it until August 9, 1994, when someone discovered the Petition mixed in with other papers in the reception area. Lambka's office filed the Petition in superior court on August 9, 1994. The thirty day limitation period for filing the Petition expired August 8, 1994.

The superior court dismissed Clymer's Petition.

## DISCUSSION

When reviewing an administrative decision of the Department of Employment Security, the superior court exercises appellate, as opposed to general, jurisdiction. RCW 50.32.120, 50.32.180. Appellate jurisdiction is properly exercised only after all statutory procedural requirements are satisfied. *Seattle v. Public Employment*

*Relations Comm'n*, 116 Wn.2d 923, 926, 809 P.2d 1377 (1991). For unemployment compensation cases, the procedural requirements for superior court review are contained in the Administrative Procedure Act. RCW 50.32.120, 34.05.510. Regarding a petition for review in superior court, the APA provides:

> A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.

RCW 34.05.542(2). The trial court's conclusion of law, to which appellant does not assign error, found that appellant failed to file his petition for judicial review within 30 days.

 Clymer contends, however, that he substantially complied with the procedural requirements for superior court review. We will assume, without deciding, that a person seeking review of an administrative decision can substantially comply with the APA's judicial review filing requirement. *Cf. Seattle v. PERC*, 116 Wn.2d 923, 928 (declining to decide whether substantial compliance is applicable to APA), *with Union Bay Preserv. Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 620, 902 P.2d 1247 (1995) (refusing to apply doctrine of substantial compliance to APA requirement that all "parties of record" be served with Petition for Review because of "unequivocal definition of 'party' in the APA" and legislative history). The issue presented is whether an attorney's good faith, but abortive attempt, to effectuate filing via a legal messenger service constitutes substantial compliance.

"Substantial compliance has been found where there has been compliance with the statute albeit with procedural imperfections." *Continental Sports Corp. v. Department of Labor & Indus.*, 128 Wn.2d 602, 910 P.2d 1284, 1288 (1996). Thus, an essential aspect of substantial compliance is some level of *actual* compliance with the substance essential to the statute, although a procedural

fault rendered the compliance imperfect. *Petta v. Department of Labor & Indus.*, 68 Wn. App. 406, 409, 842 P.2d 1006 (1992).[1] On the other hand, a failure to comply (through inaction, inadvertence, or in a manner which does not fulfill the objective of the statute), or belated compliance, cannot constitute substantial compliance with the requirements relating to the filing of a petition for judicial review. *Petta*, 68 Wn. App. at 407, 410 (substantial compliance inapplicable where process server failed to carry out attorney's instructions, and attorney failed to discern failure from return paperwork); *Patterson v. Department of Labor & Indus.*, 37 Wn. App. 196, 198, 678 P.2d 1262 (filing in wrong county does not constitute substantial compliance), *review denied*, 101 Wn.2d 1025 (1984). "Noncompliance with a statutory mandate is not substantial compliance." *Petta*, 68 Wn. App. at 407, 409; *City of Seattle v. PERC*, 116 Wn.2d 923, 929 ("failure to comply with a statutorily set time limitation cannot be considered substantial compliance.").

Clymer's attorney left the petition for review for a process server well before the deadline, but the process server did not take it, apparently because the messenger believed that it needed to be accompanied by a filing fee. A failure to comply with the filing requirement of RCW 34.05.542(2), resulting from a messenger's failure or refusal to accept a Petition for Review for filing, does not constitute substantial compliance. Nor does *serving* the Petition on other parties constitute substantial compliance with the *filing* requirement.

---

[1] The following cases demonstrate application of the doctrine. A litigant who deposited a notice of appeal with Federal Express substantially complied with a statute allowing a notice of appeal to be served "by mail." *Continental Sports*, 128 Wn.2d 594, 910 P.2d at 1289. When the statute requires a litigant to serve the petition for review on the Director of Labor and Indus., substantial compliance exists when the notice was served on the Department, but the Director receives actual notice or the notice was served in a manner reasonably calculated to give notice to the Director. *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980). A litigant who mails a notice of appeal to the county clerk well within a 30 day limitation period, but which the county clerk does not file, substantially complied with a statutory requirement to file within 30 days. *Graves v. Vaagen Bros. Lumber, Inc.*, 55 Wn. App. 908, 913, 781 P.2d 895 (1989) (we recognize that this holding may be limited by *Seattle v. PERC*, 116 Wn.2d 923).

In his reply brief, Clymer also contends that his failure to timely file the Petition should be excused under a "good cause" standard. The case upon which Clymer relies, however, *State v. Dearbone*, 125 Wn.2d 173, 179, 883 P.2d 303 (1994), interpreted a statute which excused compliance with a notice requirement for "good cause." The APA contains no exception for "good cause," and the *Dearbone* court held that "an attorney's inadvertence alone is not good cause." 125 Wn.2d at 180. *Dearbone* does not excuse Clymer's belated filing.[2]

We affirm the superior court, and deny appellant's request for statutory attorney fees.

---

[2]The unemployment compensation statute allows an administrative law judge or the Commissioner to waive the time limit for filing an administrative appeal upon a showing of good cause. RCW 50.32.075. The inclusion of a good cause exception in the unemployment compensation statute makes the absence of an exception in the APA more striking.