2015 JUL 27 AM 11: 16



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SHAW RAHMAN, )
                             )
                Appellant, )
                             )
         v. )
                             )
WASHINGTON STATE DEPARTMENT )
OF EMPLOYMENT SECURITY, )
                             )
             Respondent. )
                             )
_____ )

No. 72396-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 27, 2015

BECKER, J. — Because the petition for review of the administrative agency's final order was not timely filed, we affirm the order of dismissal.

On November 12, 2013, appellant Shaw Rahman petitioned the Commissioner of the Employment Security Department for review of an employment benefit decision. The commissioner ruled on Rahman's petition on December 13, 2013. A copy of the decision was mailed to Rahman that same day.

On January 6, 2014, Rahman asked the commissioner to reconsider the decision. Under WAC 192-04-190(1), a petition for reconsideration must be filed no more than 10 days after the commissioner's decision has been mailed. The commissioner dismissed Rahman's petition for reconsideration as untimely.

On January 30, 2014, Rahman petitioned the superior court for review of the commissioner's ruling of December 13, 2013. Rahman served the commissioner with a copy of the petition on March 4, 2014. The commissioner moved to dismiss, arguing that Rahman's petition for judicial review was not timely filed or served. The superior court granted the commissioner's motion and dismissed Rahman's petition for review on the basis that the filing on January 30, 2014, was beyond the 30-day time limit.

Rahman filed a "motion to amend" the order of dismissal, alleging that he timely delivered the petition to the court on January 6. The court treated the "motion to amend" as a motion for reconsideration and denied it.

Rahman appeals. Rahman contends his petition for review should be considered because of his alleged attempt to file it with the superior court on January 6, before the 30-day deadline. According to Rahman's brief, the clerk of the superior court did not file his petition because it lacked a cover sheet. Rahman contends the clerk then returned his petition to his Washington residence even though he provided a temporary mailing address in Canada.

Judicial review of an agency's decision is governed by the Washington Administrative Procedure Act (APA), chapter 34.05 RCW. Under the APA, "a petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2).

There are no "good cause" exceptions excusing a failure to comply with the strict filing and service requirements of the APA. Clymer v. Emp't Sec. Dep't,

82 Wn. App. 25, 30, 917 P.2d 1091 (1996). And even if the doctrine of substantial compliance applies, Rahman's alleged attempt to file his petition on time does not satisfy it. See City of Seattle v. Pub. Emp't Relations Comm'n, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991). First, the excuse that a timely filed petition was returned because it lacked a cover sheet is not supported by competent evidence. Second, Rahman did not provide this excuse to the trial court until after the court had already granted the agency's motion to dismiss for untimely filing and service. Third, Rahman does not explain why he should be excused from providing a cover sheet if that was necessary to get his petition filed on time.

Rahman had 30 days from December 13, 2013, to file his petition for review with the superior court. It is undisputed that Rahman's petition was not filed within the statutory time period. Rahman has not cited authority, and we are not aware of any, that would permit this court to find that he complied with the filing deadline.

Dismissal is an appropriate response to noncompliance. Sprint Spectrum, LP v. Dep't of Revenue, 156 Wn. App. 949-50, 953-54, 963, 235 P.3d 849 (2010) (noncompliance with service requirements of the statute supports dismissal), review denied, 170 Wn.2d 1023 (2011).

Affirmed.

WE CONCUR:

Becker, J.

Dwyer, J.

Appelwick, J.