## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

SCOTT SANDSBERRY,                    )
                                     )    No. 74454-2-I
                Appellant,           )
                                     )    DIVISION ONE
        v.                           )
                                     )
STATE OF WASHINGTON,                 )
DEPARTMENT OF FINANCIAL              )
INSTITUTIONS,                        )    UNPUBLISHED OPINION
                                     )
                Respondent.          )    FILED: March 20, 2017

SPEARMAN, J. — Under the Administrative Procedures Act, a party must serve a petition for judicial review of an agency decision by delivery to the agency within thirty days after the agency issues its order. Scott Sandsberry did not deliver his petition for review to the Department of Financial Institutions, and there is no evidence that he made a timely attempt to mail the petition for review. Sandsberry did not strictly or substantially comply with statutory service requirements. We affirm the trial court's dismissal of his petition for review.

## FACTS

The Department of Financial Institutions (Department) fined Scott Sandsberry $5,000 for violating the Securities Act of Washington, ch. 21.20 RCW. After he requested a hearing, an administrative law judge upheld the fine in an initial order. Sandsberry petitioned to the Director for review. Finding that Sandsberry filed his petition two days late, the Director affirmed the initial order. The Department served Sandsberry with the final order on May 20, 2015.

No. 74454-2-I/2

Sandsberry claims he filed a petition for judicial review of the final order on June 19, 2015.[1] On July 2, 2015, the Office of the Attorney General (AGO) received a copy of the petition for review. The envelope containing the petition lacked postage and was stamped in red ink, "Returned for Postage." Clerk's Papers (CP) at 53. The envelope did not have a postmark. The Department also received a copy of the petition on July 2, 2015. Likewise, its envelope had no postage or postmark and was stamped "Returned for Postage." CP at 49. The record does not indicate that Sandsberry made any other attempt to serve the Department or the AGO.[2]

The Department moved to dismiss Sandsberry's petition for review on July 29, 2015, arguing that he failed to comply with statutory service requirements. On November 30, 2015, the trial court granted the Department's motion to dismiss for failure to comply with service requirements without good cause or substantial compliance. Sandsberry appeals.

DISCUSSION

Sandsberry contends that the trial court erred in dismissing the petition for review. He argues that he was in strict and substantial compliance with the statutory service requirements of the Administrative Procedures Act (APA).

---

[1] Sandsberry asserts, without citation to the record, that "[a]ll parties agree the documents were placed in the mail on [June 19, 2015]." Brief of Appellant at 16. The Department disputes the assertion and states that it "does not agree." Brief of Respondent at 7.

[2] Nor does it appear that Sandsberry made attempts to serve the other parties to the action, Runaway Hearts Productions, LLC and Canyon Sands Productions, Inc., as required by RCW 34.050.542(2).

2

No. 74454-2-I/3

The Department requests that we decline to review this matter because Sandsberry does not cite to or provide an adequate record for appellate review. The presentation of Sandsberry's appeal was unquestionably inadequate. He failed to provide this court with any record of the evidence before the trial court, and his briefing is consequently unsupported by citations to the record as required by RAP 10.3(a)(5) and (6). We reach the merits of his case only because the Department supplemented the record, which enables our review.

We review de novo an order of dismissal for failure to comply with the service requirements of the APA. Ricketts v. Washington State Bd. of Accountancy, 111 Wn. App. 113, 116, 43 P.3d 548 (2002).

Under the APA, a petition for judicial review of an agency order must be served on all parties of record within thirty days after service of the final order. RCW 34.05.542(2). The petitioner must serve the agency that issued the order by delivery to the director's office, the agency's principal office, or by serving the agency's attorney of record. RCW 34.05.542(4), (6). The AGO and other parties of record may be served by mail, which "shall be deemed complete upon deposit in the United States mail, as evidenced by the postmark." RCW 34.05.542(4). A petition for review may be dismissed if the petitioner fails to follow these requirements to timely serve the agency. Sprint Spectrum, LP v. State, Dep't of Revenue, 156 Wn. App. 949, 961, 235 P.3d 849 (2010).

Sandsberry failed to follow service requirements in a number of respects. First, he did not timely serve the petition for review. The record does not establish the day on which Sandsberry deposited the petition in the mail because

3

it lacks a declaration of service and the envelope bears no postmark. The record does establish that the AGO and the Department received the petition forty-three days after the final order was issued. Thus, the thirty day statutory service deadline had expired. Second, Sandsberry fails to identify any evidence in the record that he delivered the petition to the Department as required by RCW 34.05.542(3). The trial court correctly determined Sandsberry did not comply with the APA's service requirements.

Sandsberry argues that under RCW 34.05.542(6), service on the AGO by mail constitutes service on the Department. That section permits service "upon the attorney of record of any agency" in lieu of service on the agency office. Id. But here, even if service on the AGO in lieu of service on the Department was proper, it was still untimely and therefore defective.

Sandsberry contends that his attempts at mailing the petition for review constitute substantial compliance with RCW 34.05.542 because the Department had actual notice of the petition for review. But our supreme court has held that "failure to comply with a statutorily set time limitation cannot be considered substantial compliance . . . ." City of Seattle v. Pub. Emp't Relations Comm'n, 116 Wn.2d 923, 929, 809 P.2d 1377 (1991) (citing Mulenex v. Dep't. of Emp't Sec., 47 Wn. App. 486, 487, 736 P.2d 279 (1987).[3]

Sandsberry argues that the trial court erred by finding that there was no good cause for failure to meet statutory service requirements. The Department

---

[3] While Seattle v. PERC, 116 Wn.2d 923 examined the predecessor to RCW 34.05.542, this court has declined to abandon cases interpreting the former service provision because it is not "'clearly required.'" Sprint, 156 Wn. App. at 960.

correctly points out that there is no good cause exception to the statutory service requirements in the APA. It applies only where expressly provided in agency-specific rules. See Clymer v. Emp't Sec. Dep't, 82 Wn. App. 25, 30, 917 P.2d 1091 (1996); Puget Sound Med. Supply v. Washington State Dep't of Soc. & Health Servs., 156 Wn. App. 364, 370, 234 P.3d 246 (2010).

Sandsberry argues at length that compliance with APA statutory service requirements is not necessary to invoke superior court jurisdiction. We agree, but that does not change the outcome in this case. The trial court properly exercised its subject matter jurisdiction to hear the petition for review, then correctly dismissed it for failure to comply with RCW 34.05.542 service requirements.

Affirm.

_Spearman, J._

WE CONCUR:

_Dwyer, J._          _Becker, J._