# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANGELA E. HELVEY, | No. 59312-2-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| EMPLOYMENT SECURITY DEPARTMENT, | |
| Respondent. | |

CHE, J. — Angela Helvey filed for unemployment compensation benefits after her employment ended with Sylvan Learning Center. The Employment Security Department (ESD) denied her claim, and she filed an administrative appeal. Her administrative appeal was ultimately considered by the ESD commissioner who affirmed ESD's decision denying Helvey's claim for benefits. Helvey attempted to file two petitions for reconsideration but both were denied as untimely. Helvey also attempted to file a petition for judicial review of the commissioner's decision in superior court. The trial court denied her petition for judicial review after finding that Helvey filed her petition beyond the 30 day deadline and failed to serve ESD as required.

Helvey appeals the trial court's order denying her petition for judicial review. Helvey argues that she misunderstood the filing deadlines, the trial court should have considered the

impact of a snowstorm on mailing times, and she meant to serve her petition on ESD but forgot to include its address on the mailing. We affirm.

FACTS

Angela Helvey worked for Sylvan Learning Center of Kent until August 2022. Upon cessation of her employment with Sylvan, Helvey applied for unemployment compensation benefits with ESD. ESD determined that Helvey quit her job with Sylvan without good cause and denied her claim for benefits. Helvey timely filed an administrative appeal. After a hearing on the case, an administrative law judge (ALJ) affirmed ESD's decision to deny Helvey's claim for unemployment benefits. The decision informed Helvey that she could petition for review of the decision with the ESD commissioner, which Helvey did.

On September 8, the commissioner issued her decision affirming the denial. The decision provided Helvey with specific instructions as to how she could petition for reconsideration within 10 days from the date of the decision. The decision also provided specific instructions as to how Helvey could petition for judicial review in superior court. The instructions clearly stated that an appeal must be filed in superior court within 30 days from the date of mailing shown on the commissioner's decision. The instructions further directed Helvey that any judicial appeal must be served on the commissioner of ESD, the Office of the Attorney General, and all parties of record within 30 days and included the precise addresses for ESD and the Office of the Attorney General.

Helvey filed a petition for reconsideration of the commissioner's decision on September 20.[1] The commissioner dismissed Helvey's petition for reconsideration as untimely.[2] The decision included instructions on how to seek judicial appeal of the commissioner's September 8 decision, specifically noting any such appeal must be filed within 30 days of September 8. The document also contained specific instructions as to how to properly serve ESD.

Helvey filed a second petition for reconsideration on October 11.

On October 31, Helvey filed a petition for judicial review in superior court. Her petition included a "Certificate of Service" showing that a copy of the petition was mailed to "ESD" at the Office of the Attorney General and to Sylvan Learning Center.

ESD moved to dismiss Helvey's petition for judicial review, arguing that her petition was untimely and she failed to properly serve ESD. The trial court found that Helvey neither filed her petition nor served it on ESD within the 30 days after service of the commissioner's final decision and dismissed.

ANALYSIS

Helvey argues that the trial court erred by dismissing judicial review of the ESD commissioner's decision denying her unemployment compensation benefits.[3] We disagree.

---

[1] The petition was not included in the record on appeal.

[2] WAC 192-04-190(1) requires a petition for reconsideration to be filed within 10 days of the date of the commissioner's decision.

[3] Helvey also contends that she did not receive ESD documents prior to the July administrative hearing, and that the ESD commissioner erred by not considering either of her petitions for reconsideration. None of these decisions were included in Helvey's notice of appeal or identified in her assignments of error. Therefore, we will not consider them further. RAP 2.4.

The ESD makes the initial determination on an unemployment compensation claim about eligibility and benefits. *Stewart v. Dep't of Emp't Sec.*, 191 Wn.2d 42, 46, 419 P.3d 838 (2018); RCW 50.08.010. Following that decision, either a claimant or employer may seek administrative review by an appointed ALJ. *Stewart,* 191 Wn.2d at 46; RCW 50.32.010, .040. If either party disagrees with the ALJ's decision, they may seek review by the ESD commissioner. *Stewart*, 191 Wn.2d at 46; RCW 50.32.070, .080. After the commissioner has made their decision, a party may seek judicial review in superior court. *Stewart*, 191 Wn.2d at 46; RCW 50.32.090, .120.

The judicial review of unemployment benefit decisions is governed by Washington's Administrative Procedure Act (APA), chapter 34.05 RCW. *Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). To properly invoke the jurisdiction of the superior court, a petitioner seeking review of an ESD order must file and serve a petition with the court and serve it on the agency, the office of the attorney general, and all parties of record within 30 days after service of the commissioner's final order. RCW 34.05.542(2)-(3). Service on ESD is made when a copy of the petition for judicial review has been received by the commissioner's office. *Stewart*, 191 Wn.2d at 47. This court acts from the same position as the superior court in applying the APA standard. *Id*.

Helvey acknowledges that her petition for judicial review of the commissioner's final order was filed and served well past the 30 day deadline, but contends that the court should have applied RCW 50.32.075 to waive the time for her appeal. RCW 50.32.075 permits an ALJ or commissioner to waive the time for appeal "for good cause shown." Helvey contends that she has shown good cause because she was initially confused about when the deadline was

and there was a large snowstorm that limited her ability to access the library and delayed mail.[4]

Regardless of whether these contentions amount to good cause, RCW 50.32.075 does not apply

here. RCW 50.32.075 applies only to petitions for administrative review, not judicial review.

*See Stewart*, 191 Wn.2d at 48.

"Petitions for judicial review [of commissioner's final orders] are governed solely by the

APA." *Id*. The APA contains no exception for good cause. *Clymer v. Emp't Sec. Dep't.*, 82

Wn. App. 25, 30, 917 P.2d 1091 (1996) (noting "the inclusion of a good cause exception in the

unemployment compensation statute makes the absence of an exception in the APA more

striking").

Helvey also appears to argue that the 30 day deadline for filing a petition for judicial

review should have been tolled by her two petitions for reconsideration. RCW 34.05.470(3)

provides that if a petition for reconsideration is timely filed, the appeal period does not

commence until the agency disposes of the petition for reconsideration. However, neither of

Helvey's petitions for reconsideration were timely filed, and therefore, the appeal period was not

tolled.

Moreover, Helvey failed to timely serve her petition for judicial review upon ESD. In

her reply brief, filed August 15, 2024, Helvey acknowledges that she had not yet served ESD and

claims she finally served ESD on the day she filed her reply brief. Helvey explains that she

intended to include ESD's address for service when preparing to mail her petition for judicial

review, but she forgot as she rushed to finish the paperwork before the library closed. Helvey's

---

[4] Notably, she claims the snowstorm occurred on October 24, over two weeks after the deadline for her appeal.

petition included a "Certificate of Service" showing that a copy of the appeal was mailed to "ESD" at the Office of the Attorney General and to Sylvan Learning Center. Notably, the attorney general was not the attorney of record for ESD. RCW 34.05.542(2) requires the petition for judicial review be served on both ESD and the Office of the Attorney General. *See Cheek v. Emp't Sec. Dept.*, 107 Wn. App. 79, 84, 25 P.3d 481 (2001) (rejecting an argument that service upon the attorney general was timely service on ESD when the attorney general was not yet the attorney of record for ESD, which had not filed a formal notice of appearance through the Office of the Attorney General). Helvey's failure to properly serve ESD in itself required the superior court to grant ESD's motion to dismiss under RCW 34.05.542(2).

"[A] pro se litigant is held to the same standard as an attorney." *West v. Wash. Ass'n of County Off.*, 162 Wn. App. 120, 137 n.13, 252 P.3d 406 (2011). As a pro se litigant, Helvey had to comply with the same standard and rules of procedure as attorneys in filing her petition for judicial review on time and timely serving ESD. *Id.* "It is impossible to substantially comply with a statutory time limit . . . [i]t is either complied with or it is not. Service after the time limit cannot be considered to have been actual service within the time limit." *City of Seattle v. Pub. Employee Rel. Comm'n*, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991).

Because Helvey did not timely file her petition for judicial review or serve ESD, she failed to properly invoke the superior court's appellate jurisdiction as prescribed by the law, and the trial court correctly dismissed her case. The commissioner's decision became final when Helvey failed to perfect a petition for judicial review within 30 days. RCW 50.32.090. Accordingly, we affirm.

No. 59312-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Glasgow, J.

_____
Veljacic, A.C.J.