[No. 23082-8-II.    Division Two.    April 16, 1999.]

WESTERN TELEPAGE, INC., *Appellant*, v. THE CITY OF TACOMA, *Respondent.*

*Dirk J. Giseburt* of *Davis Wright Tremaine*, for appellant.
*Robin Jenkinson, City Attorney*, and *Harding T. Roe, Assistant*, for respondent.

HOUGHTON, J. — Western Telepage, Inc. sought a tax refund and a declaratory judgment that Tacoma City Ordinance No. 25680, TMC 6.67.030, which imposes a six percent tax on paging services, is contrary to state law and unenforceable. Western Telepage appeals from the trial court order granting summary judgment dismissing its claims. We affirm.

## FACTS

Western Telepage, Inc., a Washington corporation (Telepage), provides one-way paging services in the City of

Tacoma (City) and elsewhere in Washington. Telepage's services involve the one-way transmission of numeric and alphanumeric messages. A numeric message is initiated by a telephone call made to a pager number. The call is transmitted by a telephone company to Telepage's paging terminal, then the paging terminal prompts the caller to type in a return telephone number. The message is then sent to Telepage's radio transmitters.

An alphanumeric message can be initiated by computer modem, dictated to a live operator, or on the Internet. The message is sent via telephone line to the paging terminal, and via telephone line, microwave, or satellite from the paging terminal to a radio transmitter. The radio transmitters broadcast the messages via microwave signals. The broadcast messages are encoded so that only the intended recipient's pager will receive the message. The pager cannot be used to respond to or initiate messages.[1]

Telepage currently pays taxes to the State under the "other business or service activities" section of the Business and Occupation (B&O) Tax classification. RCW 82.04-.290. This classification includes "any type of service which does not constitute a 'sale at retail.'" RCW 82.04.290. Retail sales include the providing of telephone services. RCW 82.04.050(5). The State Department of Revenue interprets the statutory definition of "telephone business" as excluding paging services.

The City is permitted to tax paging and telephone services within certain statutory limits. The City must adhere to the statutory definition of "telephone business" contained in RCW 82.04.065. RCW 35.21.714. Also, the City may not increase B&O taxes within a tax classification in excess of two percent per year.[2] RCW 35.21.710.

---

[1]Two-way paging allows the message recipient to respond to and initiate messages. Telepage does not currently offer this service.

[2]The statute limits B&O tax increases to two percent per annum beginning in 1982 and to a total maximum increase of 10 percent of the 1982 rate. RCW 35.21.710. A majority of voters within a city can approve rates in excess of these limits. RCW 35.21.711.

Until 1995, Telepage paid taxes to the City under the service and other activities classification at a rate of forty-eight one-hundredths of one percent (.0048) of gross income.[3] TMC 6.68.220(I). The City taxes telephone services at a rate of six percent of gross income. TMC 6.66.020-.030. In March 1995, the City passed an ordinance imposing a six percent tax on cellular telephone and paging services. Tacoma City Ordinance No. 25680 (codified at TMC 6.67.010-.140). The City notified Telepage that as of July 1, 1995 it would owe tax at the six percent rather than .0048 percent rate.

Telepage paid the new tax under protest and requested a refund at the end of the year. The City denied the refund request, and Telepage appealed to the Office of the Hearing Examiner. The hearing examiner considered only whether Telepage's services fit the definition of "pager service" set forth in TMC 6.67.020.[4] In May 1997, the examiner entered findings of fact, conclusions of law, and a decision upholding the denial of Telepage's refund request.

Telepage appealed the ruling to the superior court and also challenged the City's ordinance as contrary to state law. Telepage moved for partial summary judgment on the issues of whether the City's ordinance unlawfully increased Telepage's tax rate in excess of two percent and conflicted with the statutory definition of telephone business. The court denied the motion. The City then moved for summary judgment, which the court granted. The court found that the statutory definition is plain on its face and includes paging services. Telepage appeals.

## ANALYSIS
### A. Standard of Review

■ Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is

---

[3]Telepage pays tax under this classification in every other Washington jurisdiction where it does business.

[4]The parties agreed that the hearing examiner did not have jurisdiction to consider a facial attack on the ordinance.

entitled to judgment as a matter of law. CR 56(c). The appellate court reviews the trial court's decision de novo. *Reid v. Pierce County,* 136 Wn.2d 195, 201, 961 P.2d 333 (1998). The court must construe the facts most favorably toward the nonmoving party. *Babcock v. State,* 116 Wn.2d 596, 599, 809 P.2d 143 (1991).

## B. Definition of Telephone Business

■ The sole issue is whether the statutory definition of "telephone business" includes paging services. Telepage argues that it does not, and therefore, the City's ordinance is contrary to state law and unlawfully imposes a tax increase greater than the statutory maximum. The City counters that paging services have always been within the statutory definition, and its ordinance merely clarifies the proper tax classification for such services. The statutory definition provides: " 'Telephone business' means the business of providing network telephone service . . . ." RCW 82.04.065(4) (1996).

> "Network telephone service" means the providing by any person of access to a local telephone network, local telephone network switching service, toll service, or coin telephone services, *or the providing of telephonic, video, data, or similar communication or transmission for hire, via a local telephone network, toll line or channel, cable, microwave, or similar communication or transmission system.* . . . "Network telephone service" does not include the providing of competitive telephone service,[5] the providing of cable television service, the providing of broadcast services by radio or television stations, nor the provision of internet service . . . .

RCW 82.04.065(2) (emphasis added).

■ The interpretation of a statute is a question of law reviewed de novo. *Monroe v. Soliz,* 132 Wn.2d 414, 418, 939 P.2d 205 (1997); *American Legion Post No. 32 v. City of Walla Walla,* 116 Wn.2d 1, 5, 802 P.2d 784 (1991). If a stat-

---

[5]"Competitive telephone service" refers to the sale, lease, and servicing of equipment. RCW 82.04.065(1).

ute is plain and unambiguous, its meaning must be derived from the language of the statute itself. *Harmon v. Department of Soc. & Health Servs.*, 134 Wn.2d 523, 529-30, 951 P.2d 770 (1998) (citing *State v. Mollichi*, 132 Wn.2d 80, 87, 936 P.2d 408 (1997); *Marquis v. City of Spokane*, 130 Wn.2d 97, 107, 922 P.2d 43 (1996)). A statute is ambiguous if it is susceptible of two or more reasonable interpretations. *State v. Van Woerden*, 93 Wn. App. 110, 116, 967 P.2d 14, 17 (1998) (citing *State v. Sunich*, 76 Wn. App. 202, 206, 884 P.2d 1 (1994)).

Telepage contends that the statute is ambiguous and that the Legislature did not intend to include paging services within its scope. Telepage offers an affidavit by the statute's drafter and a Department of Revenue interpretation to that effect.

██ ██ The affidavit and Department of Revenue statement are not relevant to our analysis. The intent of the Legislature should be derived from the context and subject matter of the legislation itself.[6] *State v. Joswick*, 71 Wn. App. 311, 315, 858 P.2d 280 (1993) (citing *Hatzenbuhler v. Harrison*, 49 Wn.2d 691, 306 P.2d 745 (1957)). The Legislature's intent in passing a particular bill cannot be shown

---

[6]To the extent it is relevant, the legislative history of RCW 82.04.065 provides little assistance in determining legislative intent. "Telephone business" originally meant the operating or management of telephone lines. RCW 82.16.010(6) (1979). Telephone services were taxed as public utilities. RCW 82.16.020(1) (1979). By 1981, nonregulated companies were providing many of the same services and equipment as regulated telephone businesses, but the former were taxed at the lower B&O tax rate while the latter were taxed at the higher utility tax rate. New legislation was enacted to ensure that regulated and nonregulated telephone businesses would be taxed equally for the provision of similar services. *See* LAWS OF 1981, ch. 144, § 1.

The 1981 act broadened the definition of "telephone business" to include anyone providing access to a local telephone network or providing telephonic, video, data, or similar communication or transmission for hire. LAWS OF 1981, ch. 144, § 2(6). It also created a separate classification called "competitive telephone service," which encompassed the sale, lease, and servicing of equipment. LAWS OF 1981, ch. 144, § 2(15). Competitive telephone services were reclassified as taxable under the retailing B&O tax, while telephone businesses remained in the utility classification. LAWS OF 1981, ch. 144, § 3. In 1983, the Legislature reclassified telephone business as a retail activity. LAWS OF 1983, 2d Ex. Sess., ch. 3, §§ 24-32.

by the affidavit of a legislator.[7] *City of Yakima v. International Ass'n of Fire Fighters, Local 469*, 117 Wn.2d 655, 677, 818 P.2d 1076 (1991) (citing *Woodson v. State*, 95 Wn.2d 257, 264, 623 P.2d 683 (1980); *Pannell v. Thompson*, 91 Wn.2d 591, 598, 589 P.2d 1235 (1979)).

Although courts give deference to interpretative administrative regulations, *Ortega v. Employment Sec. Dep't*, 90 Wn. App. 617, 622, 953 P.2d 827, *review granted*, 136 Wn.2d 1028 (1998), the materials provided by Telepage are not an official agency interpretation. Telepage relies upon an article published by the Department of Revenue in its newsletter, TAX TOPICS, not upon an agency regulation, ruling, or determination. The article states:

> A pager does not provide an ability to establish a two-way contact or communication. Consequently, paging services are not classified as telephone services. Income from providing paging services is subject to B&O tax under the service and other activities classification.

*Distinguishing Telecommunications Services: Paging Service Charges vs. Cellular Phone Airtime Charges*, TAX TOPICS, Apr.-June, 1995, at 2.

But nothing in the wording of the statutory definition of telephone business indicates that the ability to establish two-way contact is required.[8] See RCW 82.04.065. An administrative determination will not be accorded deference if the agency's interpretation conflicts with the relevant statute. *Simpson Inv. Co. v. Department of Revenue*, 92 Wn. App. 905, 913, 965 P.2d 654 (1998) (citing *Senate Republican Campaign Comm. v. Public Disclosure Comm'n*,

---

[7]The affidavit submitted by Telepage is not from a legislator, but from a lobbyist, Robert C. Geppert, who drafted the statute in question in 1981. Geppert was employed by the Pacific Northwest Bell Telephone Company, and the purpose of the bill he drafted was to remedy tax disparities between regulated and nonregulated telephone carriers.

[8]The statute includes the providing of "telephonic, video, data, or similar communication or transmission for hire." RCW 82.04.065(2). Of the three enumerated types of transmissions, only "telephonic" is traditionally a two-way communication.

133 Wn.2d 229, 241, 943 P.2d 1358 (1997)); *see also Federal Election Comm'n v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 37, 102 S. Ct. 38, 70 L. Ed. 2d 23 (1981) (thoroughness, validity, and consistency of agency's reasoning are factors that bear upon amount of deference to be given an agency's ruling) (citing *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 287 n.5, 98 S. Ct. 566, 54 L. Ed. 2d 538 (1978); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944)). Courts are not to read into statutes matters that are not there, or modify statutes by construction. *King County v. City of Seattle*, 70 Wn.2d 988, 991, 425 P.2d 887 (1967).

◼ Furthermore, courts defer to agency interpretations only when statutory language is ambiguous. *Simpson*, 92 Wn. App. at 913 (citing *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627-28, 869 P.2d 1034 (1994)); *Clay v. Portik*, 84 Wn. App. 553, 557-58, 929 P.2d 1132 (1997). The language of RCW 82.04.065 is not ambiguous.

Telepage concedes that its paging services involve a transmission of signals by microwave.[9] It denies that its services involve "the providing of telephonic, video, data, or similar communication or transmission for hire." *See* RCW 82.04.065(2). In determining what a statute means, words should be ascribed their plain and ordinary meanings. *North Coast Air Servs., Ltd. v. Grumman Corp.*, 111 Wn.2d 315, 321, 759 P.2d 405 (1988); *see State v. Myers*, 133 Wn.2d 26, 33, 941 P.2d 1102 (1997) (when a statute does not define a nontechnical word, the court may look to the dictionary for guidance) (citing *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994)).

The common meaning of "telephonic" is: "conveying sound to a distance . . . of or relating to the telephone." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 2350 (1969). "Video" means: "relating to or used in the transmission or reception of the television image." WEBSTER'S

---

[9]Telepage also admits that its services involve access to local telephone lines.

THIRD NEW INTERNATIONAL DICTIONARY at 2551. And "data," plural of "datum," is defined as: "material serving as a basis for discussion, inference, or determination of policy . . . detailed information of any kind," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 577; and "individual facts, statistics, or items of information," RANDOM HOUSE UNABRIDGED DICTIONARY at 508 (2d ed. 1987).

Paging involves the transmission of a telephone number or an alphanumeric (text) message. When a telephone number is transmitted, the implied message is "call me." Both types of messages are "items of information," and are similar to communications commonly made by telephone. The distinctions Telepage asserts, that its paging is not two-way messaging,[10] that "data" in the statute refers only to "large-scale transmissions of computer generated information,"[11] and that the statutory exemptions for cable, broadcast radio and television, and Internet services evidence an intent to exclude paging[12] are unpersuasive and contradicted by the statutory language.

■ The broad statutory definition of "telephone business" encompasses the services Telepage provides. No intent to exclude such services is apparent. Therefore the City acted within statutory limits in enacting TMC 6.67-.020-.030. And because paging services are a "network tele-

---

[10]As discussed above, the statutory definition is not limited to two-way communications.

[11]Telepage offers no support for this interpretation nor guidance as to how "large-scale" transmissions can be distinguished from small-scale transmissions.

[12]Telepage argues that paging services are point-to-multipoint transmissions, similar to cable and radio and television broadcasts, whereas telephone service provides point-to-point transmissions. Thus, argues Telepage, paging service should be exempt because it is similar to the expressly exempted technologies. But the specific statutory exemptions merely show that those technologies would be within the definition but for the exemption. *See State v. Lodge*, 42 Wn. App. 380, 389, 711 P.2d 1078 (1985) (statute should be construed so that no portion is superfluous) (citing *In re Marriage of Gimlett*, 95 Wn.2d 699, 703, 629 P.2d 450 (1981)), *review denied*, 105 Wn.2d 1021 (1986). Telepage's argument that other similar technologies should also be exempted is contrary to basic rules of statutory construction. *See Bour v. Johnson*, 122 Wn.2d 829, 836, 864 P.2d 380 (1993) (inclusion of certain items in a category implies that other items in that category are intended to be excluded) (citing *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 134, 814 P.2d 629 (1991)).

phone service," the City did not unlawfully raise Telepage's tax rates; the City merely clarified the proper tax classification for such services.[13]

The statutory definition of "telephone business" is broad enough to include the paging services that Telepage provides. Therefore the City is entitled to tax Telepage at the same rate it taxes other telephone businesses. The trial court did not err in dismissing Telepage's claims.

ARMSTRONG, A.C.J., and HUNT, J., concur.

Review granted at 138 Wn.2d 1017 (1999).

---

[13]At oral argument, Telepage cited *Enterprise Leasing, Inc. v. City of Tacoma*, 93 Wn. App. 663, 970 P.2d 339 (1999), for the proposition that RCW 35.21.710 prohibits the City from changing the tax classification of a business activity in order to effect a tax increase. But the City did not actually change Telepage's tax classification in enacting the ordinance. Before the ordinance, Telepage had voluntarily paid the tax at the miscellaneous service rate. The City never instructed it to do so.