**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KENMORE MHP LLC; JIM PERKINS; and KENMORE VILLAGE MHP, LLC, | No. 54915-8-II |
| Respondents, | |
| v. | |
| CITY OF KENMORE, | PUBLISHED OPINION |
| Appellant, | |
| ENVIRONMENTAL LAND USE HEARINGS OFFICE; GROWTH MANAGEMENT HEARINGS BOARD FOR THE CENTRAL PUGET SOUND REGION, | |
| Respondents below. | |

WORSWICK, J. — The City of Kenmore (the City) appeals the superior court's order reversing the Growth Management Hearings Board's order for summary judgment that dismissed Kenmore MHP LLC, Jim Perkins, and Kenmore Village MHP, LLC's (collectively "MHP") petition for review of a city ordinance. MHP filed its petition for review within the statutory time limit but served the City after filing the petition with the Board, in violation of WAC 242-03-230. The Board ruled that MHP's failure to comply with WAC 242-03-230 deprived the Board of jurisdiction and did not substantially comply with service requirements. The Board also summarily denied MHP's request to amend its petition to add legal authorities. The superior court reversed and remanded to the Board, ruling that the Board's decision was arbitrary and capricious.

No. 54915-8-II

We hold that (1) we defer to the Board's interpretation of substantial compliance under WAC 242-03-230, (2) MHP did not substantially comply under the Board's interpretation because it had no justifiable excuse for late service, and (3) the Board's dismissal of MHP's petition was not arbitrary and capricious. Thus, we reverse the superior court and affirm the Board.

## FACTS

### I. BACKGROUND

On April 15, 2019, the City implemented Ordinance No. 19-0481, which amended the municipal code and updated the City's zoning map to rezone certain areas as a "manufactured housing community" zoning district. Administrative Record (AR) at 25-27. The ordinance stated, among other things, that manufactured homes and mobile homes were "allowed only in manufactured housing communities." AR at 32. The ordinance was published on April 18.

MHP filed a petition for review with the Board on Friday, June 14. That same day, MHP attempted to serve the petition on the City via legal messenger. Apparently due to traffic, the legal messenger was unable to serve the City on June 14 before the close of business. The legal messenger served the petition on the City on the following business day, Monday, June 17. The City had no notice that the petition had been filed until June 17.

### II. PROCEDURE BEFORE THE GROWTH MANAGEMENT HEARINGS BOARD

On July 17, MHP moved to amend its petition, requesting to add citations to two statutes in a single paragraph of its petition for review. The Board denied MHP's motion to amend, but made no written record of its analysis and concluded only, "This motion is denied." AR at 124.

2

No. 54915-8-II

On July 29, the City filed a motion for summary judgment. The City argued that MHP failed to comply with the Board's service requirements and that the Board should therefore dismiss MHP's petition. The City based this argument on WAC 242-03-230(2)(a), which requires a petitioner to the Board to serve "the respondent(s) on or before the date filed with the board." The City further argued that the Board should apply a test for substantial compliance that the Board had previously applied in its 2012 order on motions in the case of *Your Snoqualmie Valley v. City of Snoqualmie*, No. 11-3-0012 (Wash. Growth Mgmt. Hr'gs Bd. March 8, 2012). The City argued that under that test, MHP failed to comply with the mandated service requirements because MHP had no justifiable excuse for improper service and that the Board lacked jurisdiction to rule on the merits.

In opposition to the City's motion, MHP argued that it substantially complied with the service requirements of RCW 36.70A.290(2) of the Growth Management Act (GMA), which places a 60 day statute of limitation on service of a petition for review. MHP also argued that WAC 242-03-230(2)(a) does not create a jurisdictional issue, and if it does, then the regulation impermissibly conflicts with the statute of limitations by "shorten[ing] the statutory 60 day statute of limitations."[1] AR at 269. In the alternative, MHP argued that the Board had no authority to adopt WAC 242-03-230 because that regulation impermissibly conflicts with the statute of limitations. MHP also noted that dismissing its petition would result in severe

---

[1] MHP argued, "The City's interpretation of WAC 242-03-230 means that—as a jurisdictional matter—the legislature's 60 day deadline is shortened if a petitioner files early." AR at 273.

3

No. 54915-8-II

prejudice to its cause whereas the City suffered no prejudice by receiving service on the Monday following a Friday filing.

In a divided decision, the Board granted the City's motion to dismiss the petition on summary judgment on August 29. The Board ruled that it had the statutory authority to create a service deadline by regulation. The Board also applied the test for substantial compliance it had referred to in *Your Snoqualmie Valley*. This test included four parts: (1) The party that had to be served personally had actual notice, (2) the respondent would suffer no prejudice from the defect in service, (3) there is a justifiable excuse for the failure to serve properly, *and* (4) the petitioner would be severely prejudiced if its Petition were dismissed. The Board then ruled that MHP did not substantially comply with WAC 242-03-230(2)(a) because it had "no justifiable excuse" for improper service. Clerk's Papers (CP) at 19. The Board concluded, "The service provisions in the Board's rules are jurisdictional, not just procedural, and absent effective service, the Board has no authority and the case must be dismissed."[2] CP at 22.

### III. PROCEDURE BEFORE THE SUPERIOR COURT

In September 2019, MHP petitioned for review with the superior court. MHP argued that it was prejudiced by the Board's decision to dismiss, that the Board erroneously interpreted or applied the law when it applied the *Your Snoqualmie Valley* test, and that the Board's decisions to dismiss and deny MHP's motion to amend its petition were arbitrary and capricious.

---

[2] One member of the Board dissented and stated that she would have ruled that MHP substantially complied with the statute of limitations as required under Washington precedent, and that she would not have applied the *Your Snoqualmie Valley* standard.

4

No. 54915-8-II

In a July 2020 "Ruling on Merits," the superior court reversed and remanded the Board's dismissal. CP at 427. The court assumed without deciding that the Board properly promulgated WAC 242-03-240 and adopted the *Your Snoqualmie Valley* substantial compliance test. However, the court reversed the Board's decision because of the prejudice to MHP, and the lack of prejudice to the City. The court specifically ruled that the Board's decision that MHP did not substantially comply was arbitrary and capricious. The court also ruled that the record was insufficient for it to determine whether the Board properly denied MHP's motion to amend and ordered the Board to articulate its reasoning on remand.

The City appeals the superior court's ruling on the merits.

## ANALYSIS

The City argues that the Board's dismissal of MHP's petition was not arbitrary and capricious. The City argues that the Board has the authority to interpret its regulation and adopt its own legal test for whether a party substantially complies with its regulation. The City then argues that we should give deference to the Board's interpretation of its own regulation and hold that the Board properly acted within its discretion when it dismissed MHP's petition for failure to substantially comply with WAC 242-03-230.

MHP argues that the Board improperly determined that the service requirement in WAC 242-03-230 was a jurisdictional requirement. MHP further argues that substantial compliance should be determined by Washington case law and not a different standard adopted by the board. Thus, although MHP admits that it did not strictly comply with the service requirements in WAC 242-03-230, it argues that it substantially complied with the service requirements because it strictly complied with the statute of limitations and did not frustrate the purpose of the statute.

5

No. 54915-8-II

Although we agree with MHP that WAC 242-03-230 creates a procedural requirement and not a jurisdictional one, we also defer to the Board's interpretation of its own regulation and application of its own test for substantial compliance. Accordingly, we agree with the City that the Board properly dismissed MHP's petition.

## I. LEGAL PRINCIPLES

The Administrative Procedures Act (APA) governs our review of the Board's decisions. RCW 34.05.570(3); *Clark County v. Growth Mgmt. Hr'gs Bd.,* 10 Wn. App. 2d 84, 100-01, 448 P.3d 81 (2019) *review denied sub nom. Clark County Citizens United, Inc. v. Growth Mgmt. Hr'gs Bd.*, 194 Wn.2d 1021, 455 P.3d 130 (Table) (2020). We review the record before the Board and sit in the same position as the superior court. *Concrete Nor'West v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 185 Wn. App. 745, 751, 342 P.3d 351 (2015). We review the Board's legal conclusions de novo but grant "substantial weight to the Board's interpretation of the GMA." *Clark County*, 10 Wn. App. 2d at 98-99 (quoting *Whatcom County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 186 Wn.2d 648, 667, 381 P.3d 1 (2016)); *see also* chapter 36.70A RCW.

"'An agency acting within the ambit of its administrative functions normally is best qualified to interpret its own rules, and its interpretation is entitled to considerable deference by the courts.'" *D.W. Close Co. v. Dep't of Lab. & Indus.*, 143 Wn. App. 118, 129, 177 P.3d 143 (2008) (quoting *Pac. Wire Works v. Dep't of Labor & Indus.*, 49 Wn. App. 229, 236, 742 P.2d 168 (1987)). The party challenging the Board's decision has the burden of establishing that the decision is improper. *Clark County*, 10 Wn. App. 2d at 99. Because MHP is challenging the Board's decision, it has the burden of persuasion here.

6

No. 54915-8-II

To resolve this case, we must examine RCW 36.70A.290 and WAC 242-03-230. RCW 36.70A.290(2) provides the statute of limitations for petitions to the Board, mandating that petitions for review of a city ordinance must be filed with the board "within sixty days after publication" of the city's notice that it has adopted an ordinance. WAC 242-03-230(2)(a) provides, in pertinent part that "[a] copy of the petition for review shall be served upon the named respondent(s) and must be received by the respondent(s) on or before the date filed with the board." WAC 242-03-230(4) states, "The board may dismiss a case for failure to substantially comply with this section."

"Where a statute—or in this case, a regulation—says that a matter 'may' be dismissed for failure to substantially comply with the service requirement, we review a decision to dismiss for abuse of discretion." *Spokane County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 173 Wn. App. 310, 323-24, 293 P.3d 1248 (2013); *see also Whatcom County v. Hirst*, 186 Wn.2d 648, 694, 381 P.3d 1 (2016). "An agency abuses its discretion when it exercises its discretion in an arbitrary and capricious manner." *Conway v. Wash. Dep't of Soc. & Health Servs.*, 131 Wn. App. 406, 419, 120 P.3d 130 (2005), *as amended on reconsideration in part* (Feb. 24, 2006). An agency's decision is arbitrary and capricious if it is "willful and unreasoning and taken without regard to the attending facts or circumstances." *Whidbey Envtl. Action Network v. Growth Mgmt. Hr'gs Bd.*, 14 Wn. App. 2d 514, 526, 471 P.3d 960 (2020) (internal quotation marks omitted). Likewise, we grant relief from an agency order in an adjudicative proceeding if the agency has erroneously interpreted or applied the law. RCW 34.05.570(3)(d).

The APA provides, in pertinent part:

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54915-8-II

> The court shall grant relief from an agency order in an adjudicative proceeding only if it determines that:
>
> . . . .
>
> (b) The order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law;
>
> (c) The agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;
>
> (d) The agency has erroneously interpreted or applied the law; [or]
>
> . . . .
>
> (i) The order is arbitrary or capricious.

RCW 34.05.570(3).

## II.  SUBSTANTIAL COMPLIANCE

It appears to be a matter of first impression whether substantially complying with service requirements in a statute but failing to follow those in an attendant regulation is fatal to a claim. Here, whether a petitioner substantially complied with the service requirements in WAC 242-03-230(2)(a) depends on the regulatory definition of "substantial compliance" that appears within that same WAC section.  "Substantial compliance" is not otherwise defined in chapter 242-03 WAC or the GMA.  Accordingly, we hold that the Board may interpret its own regulation.

A.     *Deference To Board's Interpretation of "Substantially Comply" in WAC 242-03-230*

The Board determined, under the test it adopted (the *Your Snoqualmie Valley* test), that MHP failed to substantially comply with the service requirement of WAC 242-03-230(2)(a) because MHP served the City after it filed its petition and did not have a justifiable excuse for failing to properly serve its petition.[3]  MHP argues that the Board erred when it adopted the test

---

[3] The City also argues that the Board possessed the statutory authority to adopt WAC 242-03-230 under RCW 36.70A.270.  Br. of Appellant at 11.  This is not at issue on appeal because MHP conceded this point in superior court, and does not raise it again on appeal.  CP at 394.

No. 54915-8-II

discussed in *Your Snoqualmie Valley*, and we should not defer to the Board's interpretation of "substantial compliance," which incorporates that four-part analysis.

MHP further argues that we should not defer to the Board's interpretation of its regulation in this case because the Board's interpretation (1) was not previously adopted, (2) is "inconsistent and not conclusive," (3) reverses decades of precedent that construes "substantial compliance," and (4) conflicts with WAC 242-03-555(1). Br. of Resp't at 25-6. We disagree, and grant deference to the Board's interpretation. Accordingly, we hold that the Board did not err in dismissing the petition.

We apply the error of law standard in determining whether an agency erroneously interpreted or applied the law. RCW 34.05.570(3)(d). As stated above, we review the issue de novo, but grant considerable deference to an agency's interpretation of its own regulations. *D.W. Close Co.*, 143 Wn. App. at 129. If a regulation is unambiguous, we do not look beyond the plain meaning of its words. *Mader v. Health Care Auth.,* 149 Wn.2d 458, 473, 70 P.3d 931 (2003). A regulation is ambiguous if there is more than one reasonable interpretation of the regulation. *Overlake Hosp. Ass'n v. Dep't of Health*, 170 Wn.2d 43, 52, 239 P.3d 1095 (2010).

Where we deem a regulation ambiguous, we may resort to statutory construction, legislative history, and case law to resolve the ambiguity. *Overlake Hosp.*, 170 Wn.2d at 52. However, we uphold an agency's interpretation of ambiguous regulatory language so long as the agency's interpretation is plausible and consistent with the legislative intent. *Alpine Lakes Prot. Soc'y v. Dep't of Nat. Res.,* 102 Wn. App. 1, 14, 979 P.2d 929 (1999). "'Where there is room for two opinions, and the agency acted honestly and upon due consideration, this court should not find that an action was arbitrary and capricious, even though this court may have reached the

9

No. 54915-8-II

opposite conclusion.'" *Ctr. for Envtl. Law & Policy v. Dep't of Ecology*, 196 Wn.2d 17, 34, 468 P.3d 1064 (2020) (quoting *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 589, 90 P.3d 659 (2004)).

WAC 242-03-230(4) states that the Board may dismiss a petition for failure to "substantially comply" with the provisions of that section. This includes the requirement for MHP to serve the City on or before the date it files its petition with the Board. WAC 242-03-230(2)(a). "Substantially comply" is not defined in the APA, the GMA, or the Board's regulations.

The term "substantial compliance" is ambiguous. A review of various regulatory and statutory schemes shows that there is more than one reasonable interpretation of the term. Various regulations and statutes define the term in ways specific to their purview, and differ from the common law test used by courts.

For example, the Department of Social and Health Services' (DSHS) Nursing Home regulations define "substantial compliance" specifically within the context of its regulations as "the nursing home has no deficiencies higher than severity level 1 as described in WAC 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, or for medicaid certified facility, no deficiencies higher than a scope and severity 'C.'" WAC 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. Similarly, DSHS regulations for other facilities define "not in substantial compliance" as being defined by federal regulations. WAC 388-96-211(3). Thus even within one agency, "substantial compliance" may have different interpretations.

Education regulations state that substantial compliance is determined in different ways as well. For example, Board of Education regulations define substantial compliance as a measurement determined by inspection reports. Its regulations for private schools state,

10

No. 54915-8-II

> The physical facilities of the school are adequate to meet the program offered, and all school facilities and practices are in substantial compliance with reasonable health and fire safety standards, as substantiated by current inspection reports of appropriate health and fire safety officials which are on file in the chief administrator's office.

WAC 180-90-160(1)(f).

Alternatively, Professional Educator Standards Board regulations give the Board the authority to define substantial compliance:

> The filing of a notice of appeal shall cause a stay of any order by the superintendent of public instruction until the professional educator standards board makes an independent determination on the issue of substantial compliance. . . . [T]he professional educator standards board shall prescribe the corrective action necessary to achieve substantial compliance.

WAC 181-85-225.

Other regulatory schemes follow suit in allowing agencies to define the term. Housing Finance Commission regulations place the definition within ambit of the Commission: "An applicant shall demonstrate *to the commission's satisfaction* substantial compliance with all contractual obligations to the commission before the commission issues an Internal Revenue Service low-income housing credit certificate." WAC 262-01-130(12) (emphasis added).

Still, other regulations do not define "substantial compliance" but require that regulated entities obtain a variance when they are unable to strictly comply. Maritime vessel construction regulations require "substantial compliance" but also allow, "Where strict compliance is impractical, the assistant director may grant a temporary variance to allow a modification or a permanent variance if the intent of these requirements is met." WAC 296-115-040(1)(b). Likewise, crane and derrick safety regulations require that a crane "substantially comply" with the regulations, but imply that regulated entities seek a variance. WAC 296-24-23503(2). These

11

No. 54915-8-II

regulations therefore imply different definitions of the term based on each agency's specific requirements.

Additionally, the legislature has defined "substantial compliance" in multiple ways across statutory schemes. *See, e.g.*, RCW 84.14.010(16) ("'Substantial compliance' means compliance with local building or housing code requirements that are typically required for rehabilitation as opposed to new construction."); RCW 74.60.020(4)(f) ("[S]ubstantial compliance" means, in the prior period, the hospital has submitted at least nine of the twelve monthly reports by the due date."). Many other regulations and statutes mandate substantial compliance with various provisions of the WACs, but do not define the term. Moreover, our courts have not defined the term in the context of each of these various regulatory schemes. Accordingly, due to the wide variety of regulatory schemes, it makes sense for each agency to be able to define what "substantial compliance" means as it relates to its own regulations.

To determine the meaning of "substantially comply" in the context of its regulation, the Board, in *Your Snoqualmie Valley*, No. 11-3-0012 (March 8, 2012), previously applied a test used by the federal courts. In *Your Snoqualmie Valley*, the Board relied on the Ninth Circuit Court of Appeals' test to evaluate whether a party substantially complied with service requirements on the federal government under the federal rules of civil procedure. *Your Snoqualmie Valley*, No. 11-3-0012 at 5 (citing *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984)). The test, taken from *Borzeka* and cited in the Western District's unpublished order in *S.J. ex rel.*

12

No. 54915-8-II

*S.H.J. v. Issaquah School Dist.*,[4] states requirements for a party to substantially comply with a service rule:

> (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Borzeka*, 739 F.2d at 447. This definition is plausible, relates to a service rule, is consistent with the statutory language of the GMA, and has not been overturned. Accordingly, we defer to the Board's interpretation of what it is to "substantially comply" with the regulation.

B.     *MHP's Arguments*

1. *Interpretation Not Previously Adopted*

MHP first argues that deference to the Board's interpretation is not appropriate because we should not defer to the Board's "new" test. Br. of Resp't at 25-27. MHP argues that the interpretation is inconsistent with agency rules and conflicts with past Board rulings. We disagree.

Division One of this court has noted that agencies have a "not inconsiderable realm of reasonable discretion" that they possess to "determine how to apply [their] own past precedents." *Am. Fed'n of Teachers, Loc. 1950 v. Pub. Emp't Relations Comm'n*, 18 Wn. App. 2d 914, 929, 493 P.3d 1212 (2021) (quoting *Boch Imports, Inc. v. Nat'l Labor Relations Bd.*, 826 F.3d 558, 568-69 (1st Cir. 2016)). Additionally, stare decisis plays only a limited role in agency context,

---

[4] No. C04-1926RSL, W.D. Wash. (March 8, 2007), 2007 WL 764916 (order denying motion to dismiss) (not reported in F. Supp. 2d).

No. 54915-8-II

although agencies should strive for equality of treatment. *Kittitas County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 172 Wn.2d 144, 173 n.9, 173-74, 256 P.3d 1193 (2011).

Here MHP makes no showing that stare decisis binds the Board to a prior decision. Moreover, they cite to no law that prohibits an agency from adopting a new definition of a previously undefined regulatory term. "Where a party does not cite to such authority, we assume there is none." *Peterson v. Dep't of Labor & Indus.*, 17 Wn. App. 2d 208, 237, 485 P.3d 338 (2021).

MHP cites *Vergeyle v. Employment Security Department*, 28 Wn. App. 399, 403-04, 623 P.2d 76 (1981), to argue that agencies should provide "'like treatment under like circumstances.'" Br. of Resp't at 27. That case involved a woman who lost her job after leaving on a vacation she believed her employer approved. *Vergeyle*, 28 Wn. App. at 400-401. The department denied her benefits after determining that she had voluntarily resigned without good cause. *Vergeyle*, 28 Wn. App. at 401. Division One of this court determined that in a previous case with indistinguishable facts, the department had determined the petitioner had established good cause. The *Vergeyle* court held that because the department presented no reason for its departure from its prior reasoning, Vergeyle did have good cause. 28 Wn. App. at 403-04.

Here, MHP cites to no factually indistinguishable case. Although MHP relies on several past Board decisions, none of them provide enough factual background for us to determine that the Board departed from its prior reasoning. *See* section 2, *infra* (*analyzing City of Port Orchard v. Kitsap County*, No. 16-3-0012, 2016 WL 6993679 (Wash. Growth Mgmt. Hr'gs Bd., Order on Mot. to Dismiss, Nov. 14, 2016); and *Cove Heights Condo. Ass'n v. Chelan County*, No. 08-1-0013, 2008 WL 4618390 (Wash. Growth Mgmt. Hr'gs Bd., Order on Mots. to Dismiss, Sept. 3,

14

No. 54915-8-II

2008)). Moreover, the Board here clearly explained that it was convinced MHP did not substantially comply because MHP did not have a "justifiable excuse" for its noncompliance, which was a reason for its decision not referenced in the prior cases MHP cites. CP at 18-19; *see* section 2, *infra*. Accordingly, we conclude that the Board used its "not inconsiderable discretion" to apply its past precedents; here, that precedent was *Your Snoqualmie Valley*.

### 2. *Inconsistent and Inconclusive*

MHP next argues that deference to the Board in this case is improper because the Board's interpretation of its regulation is "'inconsistent and not conclusive.'" Br. of Resp't at 26, quoting *Glen Park Assocs., LLC v. Dep't of Revenue*, 119 Wn. App 481, 492, 82 P.3d 664 (2003). MHP argues that the Board did not clearly establish its definition of "substantial compliance" in *Your Snoqualmie Valley*, and has issued decisions that conflict with its most recent interpretation of WAC 242-03-230. Br. of Resp't at 25-27, 30-32.

MHP contends that the Board's decision was inconsistent with other decisions on substantial compliance post-*Your Snoqualmie Valley*. MHP first cites *City of Port Orchard v. Kitsap County*, No. 16-3-0012, 2016 WL 6993679 (Wash. Growth Mgmt. Hr'gs Bd., Order on Mot. to Dismiss, Nov. 14, 2016). There, the respondent Kitsap County moved to dismiss Port Orchard's petition for failure of service, asserting "technical requirements on the time, method, and recipient of service were not met, citing a variety of cases in which previous Board's [sic] dismissed petitions for failure of service." *Port Orchard*, No. 16-3-0012 at *1. The Board denied Kitsap's motion. *Port Orchard*, No. 16-3-0012 at *2. However, the Board made only a conclusory statement and did not elucidate on what the "technical requirements on the time, method, and recipient" were. The Board did not rely on *Your Snoqualmie Valley*. Accordingly,

15

No. 54915-8-II

we have no way of knowing whether the *Port Orchard* decision is inconsistent with the Board's decision here.

MHP then cites *Cove Heights Condo. Ass'n v. Chelan County*, No. 08-1-0013, 2008 WL 4618390 (Wash. Growth Mgmt. Hr'gs Bd., Order on Mots. to Dismiss, Sept. 3, 2008). This case was decided in the months following *Your Snoqualmie Valley* and its facts are similar to those here. Cove Heights filed a petition for review on June 18, 2008, and sent the petition to a process server for service on Chelan County. "[F]or some unknown reason actual service on Chelan County was delayed until July 22." *Cove Heights*, No. 08-01-0013 at *2. The Board ruled that the county did not show that it was prejudiced by the delay and that Cove Heights substantially complied with the regulation. *Cove Heights*, No. 08-01-0013 at *3.

MHP is correct that *Cove Heights* is inconsistent with the Board's application of the *Your Snoqualmie Valley* test here. There, the Board's decision appears to have turned on whether the respondent was prejudiced by the improper service. Here, the Board's decision was based on MHP's failure to have any "justifiable excuse" for improper service. CP at 18. There is not enough information in the *Cove Heights* order, and without the record, we cannot determine whether the "unknown reason" service was improper there was unjustifiable as it was here. Apparently, the Board did not determine it to be. Without more, we conclude that *Cove Heights* and the intervening decade between it and the Board's decision here do not prevent the Board from now "clearly establishing" the four part test from *Your Snoqualmie Valley*.

3. *Board's Interpretation Versus Common Law Precedent*

MHP also argues that a different test for substantial compliance is more apt. It argues that the Board's interpretation reverses decades of common law precedent. MHP notes that in its

16

No. 54915-8-II

*Your Snoqualmie Valley* decision, the Board also cited *Continental Sports Corp. v. Dep't of Labor and Indus.*, 128 Wn.2d 594, 602-04, 910 P.2d 1284 (1996), where our Supreme Court laid out a more traditional standard for substantial compliance with a service statute under state law. There, our Supreme Court followed longstanding Washington precedent and stated the standard as:

> 'Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute.' *City of Seattle v. Public Emp't Relations Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (quoting *In re Santore*, 28 Wn. App. 319, 327, 623 P.2d 702, *review denied*, 95 Wn.2d 1019 (1981)). Substantial compliance has been found where there has been compliance with the statute albeit with procedural imperfections. *Public Emp't Relations Comm'n*, 116 Wn.2d at 928, 809 P.2d 1377.

*Continental Sports*, 128 Wn.2d at 602.

However, the court's common law definition of substantial compliance cited above is one of many tests for whether a party substantially complied with a statute or regulation. *See* Part II.A *Substantial Compliance*, *supra*. Thus, as explained above, the definition of "substantial compliance" is ambiguous, and we defer to the Board's interpretation.

Moreover, the *Continental Sports* standard is not at odds with the Board's decision here. Tellingly, the *Continental Sports* court did not enter its own definition of "substantial compliance" to supplant the agency's definition, but rather resolved the question of whether the doctrine applied at all. 128 Wn.2d at 602-03. *Continental Sports* refers to compliance with a statute; here compliance with the regulation is at issue. Applying the *Continental Sports* standard to a regulation reveals that a party should comply with the substance essential to the reasonable objective of the *regulation*. As explained above, we give great deference to the Board's interpretation of its own regulations. We grant the Board that deference here because

17

No. 54915-8-II

the Board applied a reasonable standard to determine whether MHP substantially complied with the reasonable objectives of WAC 242-03-230.[5,]

    *a. Substantial Compliance under the Common Law*

    MHP argues that under the *Continental Sports* standard, it substantially complied with the reasonable objectives of the law and that the reasonable objective of the law is to avoid prejudice. It is undisputed here that MHP complied with the statute of limitations, RCW 36.70A.290(2). But compliance with the statute is not at issue here; compliance with the regulation is. Although MHP complied with the statute of limitations, it did not substantially comply with the regulation regarding service under the Board's interpretation of "substantial compliance."

    MHP further argues that it is not possible that its delayed service frustrated the Board's ability to issue its decision within the statutory 180 day deadline. And this is likely correct. But it is within the Board's purview to draw this procedural line to prevent a petitioner from delaying service following its filing. A broad interpretation of compliance with the statute could swallow the regulation. The Board drew the procedural line at or before the time of filing. It also chose to define substantial compliance using the four part *Your Snoqualmie Valley* test.

---

[5] Because no service requirements exist in the GMA and because the Board only has 180 days to issue a final decision, time is of the essence for a respondent in these cases. RCW 36.70A.300(2)(a). It is likely that a reasonable objective of WAC 242-03-230(2)(a)—requiring service before or contemporaneous with filing—is related to this deadline. Here, the 180 day deadline started to toll from the time MHP filed its petition with the Board. Service not being completed until the Monday after filing deprived the City of three days toward this deadline. If this court (or the Board) were to liberally allow compliance with the statute of limitations but not the WAC filing regulation, it could set a precedent where petitioners could file early and serve late, potentially depriving respondents of up to 60 days' notice into the 180-day decision deadline. This would be detrimental to both a respondent and the Board.

No. 54915-8-II

*b. Substantial Compliance under* Your Snoqualmie Valley

The City argues that under the *Your Snoqualmie Valley* test that the Board adopted, MHP

failed to substantially comply with the service regulation. We agree.

Under that four part test,

> (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, *and* (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Borzeka*, 739 F.2d at 447 (emphasis added). All four parts must be fulfilled for substantial

compliance.[6] As the Board determined, here MHP had no justifiable excuse for its failure of

service. MHP gave the petition to a messenger on the Friday afternoon before the statutory

deadline and the messenger was unable to reach the City for service that day. Although MHP

was prejudiced by Board's dismissal, prejudice is only one part of the test. MHP still failed to

substantially comply under the Board's definition of regulatory substantial compliance.

4. *Conflict with WAC 242-03-555(1) and Prejudice To MHP*

MHP then argues that the Board's decision conflicts with WAC 242-03-555(1). That

regulation states, "The board rarely entertains a motion for summary judgment except in a case

of failure to act by a statutory deadline." WAC 242-03-555(1). MHP cites public policy reasons

---

[6] At oral argument, the City stated that the *Your Snoqualmie Valley* test is a balancing test. Wash. Court of Appeals oral argument, *Kenmore MHP, LLC v. City of Kenmore*, No. 54915-8-II (Dec. 10, 2021), at 28 min., 40 sec., *audio recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-2-court-of-appeals-2021121042/?eventID=2021121042. As explained above, it is not. All four elements must be fulfilled and are given equal weight. *Accord Borzeka*, 739 F.2d at 447-48.

No. 54915-8-II

for the Board reaching the merits. But WAC 242-03-555(1) does not place any mandate on the Board. "Rarely" does not mean "never."

Next, MHP cites *Skinner v. Civil Serv. Comm'n of City of Medina*, 168 Wn.2d 845, 855, 232 P.3d 558 (2010), to argue that the test for substantial compliance "hinges on prejudice." Br. of Resp't at 39. *Skinner* states, "In determining whether a party has substantially complied with service requirements, the relevant inquiry is whether the party to be served has received actual notice of appeal or the notice was served in a manner reasonably calculated to give notice to the opposing party." 168 Wn.2d at 855. Here, however, the City did not receive actual notice until after the filing, in violation of the regulation. Additionally, the test the Board adopted considers prejudice, but appears to place it on an equal footing with justifiable excuse. Accordingly, under the Board's definition of substantial compliance, we hold that MHP did not substantially comply with the service regulation.

C. *Board's Jurisdiction under WAC 242-03-230(2)(a)*

MHP argues that the Board erred when it concluded that the service provisions in the Board's regulation are jurisdictional. Although we agree, this issue is not determinative.

We give substantial deference to the Board's interpretation of the GMA, however, "'we do not defer to an agency the power to determine the scope of its own authority.'" *Shaw Family LLC v. Advocates For Responsible Dev.*, 157 Wn. App. 364, 372, 236 P.3d 975 (2010) (quoting *US W. Commc'ns, Inc. v. Wash. Utils. & Transp. Comm'n*, 134 Wn.2d 48, 56, 949 P.2d 1321 (1997)).

As MHP points out: "Noticeably absent in RCW 36.70A.290 is any provision indicating that service, or the manner or timing of service, is a jurisdictional matter and neither a Court, nor

No. 54915-8-II

the Board, shall 'read into statutes matters that are not there.'" Br. of Resp't at 13 (quoting *W,*
*Telepage, Inc. v. City of Tacoma*, 95 Wn. App. 140, 147, 974 P.2d 1270 (1999), *aff'd*, 140
Wn.2d 599 (2000)).  Moreover, failure to serve indispensable parties does not deprive an
adjudicative body of jurisdiction.  *Crosby v. County of Spokane*, 137 Wn.2d 296, 310, 971 P.2d
32 (1999).

Additionally, a discretionary rule cannot be jurisdictional.  *See Nat'l Parks Conservation*
*Ass'n v. Dep't of Ecology*, 12 Wn. App. 2d 977, 984, 460 P.3d 1107 (2020); *see also Biomed*
*Comm, Inc. v. Dep't of Health Bd. of Pharm.*, 146 Wn. App. 929, 942, 193 P.3d 1093 (2008).
"The use of the word 'may,' when used in a court rule, indicates that the referenced course of
action is discretionary rather than mandatory."  *Nat'l Parks*, 12 Wn. App. 2d at 984.

WAC 242-03-230(4) states that the "board *may* dismiss a case for failure to substantially
comply with this section."  (Emphasis added.)  The "may" makes the regulation regarding
service discretionary.  Accordingly, we hold that the service requirement is not jurisdictional and
the Board is only authorized to  apply and enforce rules of practice and procedure.  Thus, the
regulation is procedural.

D.      *Arbitrary and Capricious*

MHP argues that the Board's decision to dismiss the petition is arbitrary and capricious.
We disagree.

As explained above, an agency's decision is arbitrary and capricious if it is "willful and
unreasoning and taken without regard to the attending facts or circumstances."  *Whidbey Envtl.*
*Action Network*, 14 Wn. App. 2d at 526 (internal quotation marks omitted).  "'Where there is
room for two opinions, an action taken after due consideration is not arbitrary and capricious

21

No. 54915-8-II

even though a reviewing court may believe it to be erroneous.'" *Probst v. State Dep't of Ret. Sys.*, 167 Wn. App. 180, 192, 271 P.3d 966 (2012), *as amended on denial of reconsideration* (May 8, 2012). The Board's decision here was not willful and unreasoning.

The Board examined the record and applied a legal test that it adopted from the federal courts. Applying that test to the facts, the Board determined that MHP did not substantially comply because it failed one element of the test: a justifiable excuse. Accordingly, we hold that the Board took a reasoned approach to the decision and that its decision to dismiss was not arbitrary and capricious.[7]

CONCLUSION

We defer to the Board's interpretation of its own regulations. WAC 242-30-230(4) provides that the Board may dismiss a petition for failure to substantially comply with its regulation. The Board interpreted "substantial compliance" to require a "justifiable excuse" when a party issues improper service. We defer to the Board's interpretation of this rule. Accordingly, we hold that MHP did not substantially comply with the service requirement in WAC 242-30-230(2)(a) because it had no justifiable excuse for its delayed service. Thus, we hold that the Board's decision to dismiss MHP's petition was not arbitrary and capricious.

---

[7] MHP also argues that the Board erred when it denied MHP's motion to amend its petition. Because we conclude that the Board did not err when it dismissed MHP's petition, we do not reach this argument.

22

No. 54915-8-II

Finally, we do not reach the Board's denial of MHP's motion to amend. We reverse the superior

court and affirm the Board.

Worswick, J.

We concur:

Lee, C.J.

Veljacic, J.

23