[No. 9128–3–II.   Division Two.   March 25, 1987.]

KENNETH MULENEX, *Appellant,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

*Anton J. Miller,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas L. Anderson, Assistant,* for respondent.

REED, C.J.— The appellant, Kenneth Mulenex, was

entitled to judicial review of the decision of the Department of Employment Security Commissioner only in accordance with RCW 34.04.130. RCW 50.32.120. RCW 34.04.130(2) states in part:

Proceedings for review under this chapter shall be instituted by filing a petition in the superior court . . . *The petition shall be served and filed within thirty days after the service of the final decision of the agency.* Copies of the petition shall be served upon the agency and all parties of record.

(Italics ours.) This statute clearly requires that for review to be instituted, and therefore for jurisdiction to lie, the petition must be served upon the agency and all parties of record within 30 days. If the language of a statute is clear, its plain meaning must be given effect without resort to rules of statutory construction. *State v. Theilken,* 102 Wn.2d 271, 275, 684 P.2d 709 (1984). Thus, because Mulenex did not serve the agency within 30 days, we hold that he failed to comply with RCW 34.04.130(2) and that the superior court was without jurisdiction to hear this appeal. Mulenex has not even demonstrated that he undertook "substantial compliance" with the statute. *See In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980) (statutorily conferred appellate jurisdiction may exist absent strict compliance with statute if party receives actual notice of appeal or if notice is served in a manner reasonably calculated to give notice).

Finally, we note that our decision in this case is consistent with *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 667 P.2d 1133, *review denied,* 100 Wn.2d 1030 (1983). In that case, involving a similar statutory procedure for appeals to the superior court, we held that in order for jurisdiction to be conferred upon the court all the statutory jurisdictional requirements must be satisfied. *See also MacVeigh v. Division of Unemployment Comp.,* 19 Wn.2d 383, 142 P.2d 900 (1943).

The authorities cited by Mulenex are not persuasive.

488

The order of dismissal is affirmed.

WORSWICK and ALEXANDER, JJ., concur.

Review denied by Supreme Court May 5, 1987.