[No. 7760–8–III.   Division Three.   April 7, 1987.]

WILLIAM H. ADKINS, *Respondent,* v. ROBERT L. HOLLISTER, JR., ET AL, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Celia E.*

*Holuk, Assistant,* for appellant State.

*William L. Cameron,* for appellant Kennewick Disability Board.

*John N. Lindsay* and *Shea, Kuffel, Lindsay & Flynn,* for respondent.

MUNSON, J.—Robert L. Hollister, Jr. (Director) and the City of Kennewick Disability Board appeal from a judgment granting William H. Adkins disability leave benefits. The Director and Board contend the Superior Court erred in declining to dismiss the case when Mr. Adkins failed to timely serve the notice of appeal on the Board. Since we resolve the case on this single issue, we need not address the other assignments of error.

Mr. Adkins began work as a patrol officer with the Kennewick Police Department in 1973. After a suicide attempt, the Board granted Mr. Adkins disability leave from August 14, 1981, to February 12, 1982. At the end of the disability leave, the Board denied Mr. Adkins disability retirement and ordered him to return to work. Mr. Adkins did not appeal that decision.

Mr. Adkins reported to work on February 16, 1982, and was assigned to the jail. He left work 2 days later and did not return for 9½ months (December 1). He filed an application for disability leave effective February 18, 1982. On March 25, 1982, he filed a separate application for disability retirement effective February 15.

Mr. Adkins invoked the statutory administrative review procedure which culminated with the Director ultimately denying his applications for disability leave, being February 18, 1982 through November 1982, and disability retirement thereafter.[1] Mr. Adkins sought to appeal this decision to superior court by timely filing a petition for review and

---

[1]When Mr. Adkins returned to work on December 1, 1982, as a patrol officer, he was assigned "easy" calls. He worked in the jail some of the time. He terminated his employment in February 1983; he was granted disability retirement from that date.

serving a copy on the Director only.

On February 4, 1985, the Board moved to dismiss the appeal based on Mr. Adkins' failure to timely serve the notice of appeal on it. Mr. Adkins then served the Board and the City of Kennewick[2] February 8, 1985. The motion to dismiss was denied. Ultimately, the court reviewed the case on the merits, found the denial erroneous, and awarded disability leave. The Director and Board appeal.

The Director and Board contend Mr. Adkins was required to serve all the parties of record within 30 days in order to perfect his appeal. RCW 34.04.130(2). They contend the Board is a party of record who was not served within 30 days of the final decision; thus the Superior Court had no jurisdiction to hear the appeal.

Mr. Adkins contends WAC 415–104–400 only requires a party appealing from a decision and order of the Board to serve notice on the Director within 30 days of the decision of the Board. He further contends that, although RCW 41.50.032 transferred the decisionmaking power from the abolished Law Enforcement Officers' and Fire Fighters' Retirement Board (LEOFF) to the Director, the same requirements to perfect an appeal to the superior court apply.

In the alternative, Mr. Adkins contends that while there is a requirement that the Director be served within 30 days, there is no such requirement that the Board be served within that same time period. He argues the 30–day time period in the first sentence does not apply to the second sentence.

RCW 41.26.220 provides in part: "Judicial review of any final decision by the director shall be governed by the provisions of chapter 34.04 RCW . . ." RCW 34.04.130(2) provides in part: "The petition shall be served and filed within thirty days after the service of the final decision of the

---

[2]The City of Kennewick is not a necessary party nor a party of record under the statutory scheme of the Washington Law Enforcement Officers' and Fire Fighters' Retirement System. RCW 41.26.

agency. Copies of the petition shall be served upon the agency and all parties of record."

The previous version of RCW 34.04.130(2) stated: "All petitions shall be filed within thirty days after the service of the final decision of the agency." This sentence was amended in 1977 to state: "The petition shall be *served and filed* within thirty days after the service of the final decision of the agency." (Italics ours.) Laws of 1977, 1st Ex. Sess., ch. 52, § 1, p. 273. In *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 622 P.2d 1283 (1981), the court attached little significance to this change. There, the plaintiffs filed a petition for judicial review 33 days after the board's decision had been mailed. The court examined RCW 34.04-.130(2) to determine when the 30–day period commenced and stated:

> The aggrieved party's responsibility is to *file* a petition in the appropriate superior court, with the added admonitions (1) that the petition shall be *served* and *filed* within 30 days after the *service* of the final agency decision, and (2) that *copies* of the petition shall be *served* upon the agency and all parties of record.
>
> The legislative scheme apparently provides that the original of the petition shall be filed in superior court. The provision that the original shall also be "served" has no real significance except to indicate that the legislature utilized the verb "serve" in a sense other than its normally understood usage for the service of some form of judicial process.

*Tarabochia,* at 121–22.

Mr. Adkins did properly file his petition and serve the Director within the time period. He argues that his service of the Board on February 8, 1985, following the final decision on December 12, 1984, substantially complied with the jurisdictional requirements of RCW 34.04.130(2), citing *In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980). However, in that case there was no evidence the Director had been properly served, although it was obvious he had notice of the proceeding. *In re Saltis, supra* at 892. Warning against "slavish adherence" to the technical requirements of the

statute, the court stated: "'[T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."'" *In re Saltis, supra* at 896 (quoting *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974)). Accepting the doctrine of substantial compliance, the court held service was proper if (1) the Director received actual notice of the appeal, or (2) the notice was served in a manner reasonably calculated to give notice to the Director. *In re Saltis, supra* at 896.

Here, the final decision of the Department was issued December 12, 1984; the petition was timely served and filed on the Director January 11, 1985; however, the Board was not served until February 8, 1985, after it had moved to dismiss for failure of service.

We do not find the two relevant sentences in RCW 34.04.130(2) ambiguous. In the first sentence, the time for serving and filing the petition is established as "within thirty days after the service of the final decision of the agency." The second sentence clearly denotes who is to be served, *i.e.,* "the agency and *all* parties of record." (Italics ours.)

WAC 415–104–400, requiring service on the Director, is accurate as far as it goes; it just does not go far enough. An administrative regulation may supplement a statute; it may not amend it. *See Hansen Baking Co. v. Seattle,* 48 Wn.2d 737, 742, 296 P.2d 670 (1956). Mr. Adkins' reliance on the WAC regulation is not well taken.

Mr. Adkins urges us to apply by analogy RCW 4.16.170 which permits service within 90 days after an action has been commenced by filing. This we decline to do. The present action is not the commencing of an action; it is a continuing review of an administrative agency decision. *Vasquez v. Department of Labor & Indus.,* 44 Wn. App. 379, 383, 722 P.2d 854 (1986).

Furthermore, it is doubtful if the Board would have ever been served but for the motion to dismiss. It was not served

shortly after the notice was filed January 11.

In *Tarabochia*, the appellant's petition was not timely filed. Here, Mr. Adkins did not timely serve all parties of record. The Superior Court had no jurisdiction to hear this appeal. The petition, therefore, is dismissed.

Having so held, we need not consider the Director and Board's remaining assignments of error.

THOMPSON, A.C.J., and GREEN, J., concur.

Review denied by Supreme Court July 1, 1987.