[No. 57752–8.  En Banc.  May 16, 1991.]

THE CITY OF SEATTLE, *Appellant,* v. PUBLIC EMPLOYMENT RELATIONS COMMISSION, ET AL, *Respondents.*

---

*Mark H. Sidran, City Attorney,* and *Marilyn F. Sherron, Assistant,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Richard A. Heath, Senior Assistant,* for respondent PERC.

*Richard D. Eadie,* for respondent IFPTE Local 17.

*Mark E. Brennan, Lynn D. Weir,* and *Webster, Mrak & Blumberg,* for respondent Seattle Police Management Association.

*Aitchison & Hoag* and *David A. Snyder,* for respondent Seattle Police Officers' Guild.

*Kenneth O. Eikenberry, Attorney General,* and *Kathy L. Nolan, Assistant,* amicus curiae for appellant.

BRACHTENBACH, J.—The City of Seattle seeks judicial review of the Public Employment Relations Commission's decision that Seattle's no–smoking policy for city employees is a mandatory subject of collective bargaining. We hold that the City served its petition for review too late and therefore dismiss the City's appeal.

In 1987 the City of Seattle (City) enacted an ordinance essentially prohibiting smoking in the workplace by City workers. Respondent unions filed unfair labor practice charges against the City with the Public Employment Relations Commission (PERC), alleging the City had committed an unfair labor practice by refusing to bargain in good faith over the citywide smoking policy. The hearing examiner agreed, and ordered the City to bargain both the smoking policy and the effects of implementation of that policy with respondents. *International Fed'n of Professional & Technical Eng'rs, Local 17 v. Seattle,* Pub. Empl. Relations Comm'n Dec. 3051–3054 PECB (1988), at 29–31. The City appealed the hearing examiner's decision to PERC, which affirmed the hearing examiner. *International Fed'n of Professional & Technical Eng'rs, Local 17 v. Seattle,* Pub. Empl. Relations Comm'n Dec. 3051–A through 3054–A PECB (1988), at 18.

The Public Employment Relations Commission mailed its decision to the parties on July 26, 1989. The City received the decision the next day, July 27, 1989. The City filed a petition for judicial review in King County Superior Court on August 25, 1989, 30 days after PERC mailed the decision. That same day the City mailed a copy of the petition to the executive director of PERC, to the Attorney General, and to counsel for some respondents, Seattle Police Officers Guild and Seattle Police Dispatchers Guild. Counsel for respondents International Federation of Professional and Technical Engineers and Seattle Police Management Association were served by legal messenger the

following Monday, August 28, 1989, 33 days after PERC mailed its decision.

Respondent unions filed motions to dismiss the City's appeal on the grounds that the Superior Court did not have jurisdiction over the appeal because the City's service was made beyond the 30–day time limit found in former RCW 34.04.130(2). Respondents also moved for direct review of PERC's decision in the Court of Appeals, pursuant to former RCW 34.04.133 (recodified at RCW 34.05.518). The trial court certified the case for direct review as required by former RCW 34.04.133 and did not rule on the motion to dismiss. The commissioner for the Court of Appeals accepted direct review and denied the motion to dismiss, reasoning that the City substantially complied with former RCW 34.04.130(2). Respondent unions moved to modify the commissioner's ruling as to the refusal to dismiss. A panel of the Court of Appeals deferred a decision on the motion to modify to the merits. The case was then certified to this court pursuant to RCW 2.06.030(d).

We hold that the City did not serve all of the parties to this action in a timely fashion and that it consequently failed to invoke the appellate jurisdiction of the superior court. We therefore dismiss the City's appeal without reaching any of the other issues which have been raised by the parties.

■ When reviewing an administrative decision, the superior court is acting in its limited appellate capacity, and all statutory procedural requirements must be met before the court's appellate jurisdiction is properly invoked. *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990). Therefore, under the administrative procedure act (APA), the superior court does not obtain jurisdiction over an appeal from an agency decision unless the appealing party files a petition for review in the superior court and serves the petition on all of the parties. Former RCW 34.04.130(2); *MacVeigh v. Division of Unemployment Comp.*, 19 Wn.2d 383, 142 P.2d 900 (1943); *Mulenex v. Department of Empl. Sec.*, 47 Wn. App. 486, 736 P.2d

279, *review denied,* 108 Wn.2d 1014 (1987); *Adkins v. Hollister,* 47 Wn. App. 381, 385, 735 P.2d 1327, *review denied,* 108 Wn.2d 1029 (1987). Both of these steps must be accomplished within "30 days after the service of the final decision of the agency". Former RCW 34.04.130(2).

█ The City argues that service of the agency decision, which begins the running of the 30-day time limit, is accomplished when received by the appealing party. We disagree. We hereby adopt the analysis of *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 622 P.2d 1283 (1981), and hold that under former RCW 34.04.130(2), service of the agency decision is complete when the agency mails the decision to the parties. We note that this decision is in accord with the definition of "service" contained in the new APA.[1] *See* RCW 34.05.010(18) (service complete upon mailing). The case cited by the City, *Vasquez v. Department of Labor & Indus.,* 44 Wn. App. 379, 722 P.2d 854 (1986), is inapplicable here. *Vasquez* was concerned with service under RCW 51.52.110 of the Industrial Insurance Act which requires "communication" of the agency decision rather than the "service" required by the APA.

Because service of the Agency's decision was effective upon mailing, the City's service of its petitions was late. PERC mailed its decision to the City on July 26 and the City delivered copies of its petition for review to some of the parties on August 28, 33 days later. The City was required by former RCW 34.04.130(2) to have served its petition on *all* of the parties within 30 days. *See Adkins v. Hollister, supra.* Since it failed to do so, it failed to strictly comply with former RCW 34.04.130(2).

The City, however, argues that it need only substantially comply with former RCW 34.04.130(2) and that in this case it did so. It bases this assertion on a number of cases which

---

[1]The APA has recently been amended and recodified. *See* Laws of 1988, ch. 288. Since these amendments took place after the initiation of agency action in this case, they are relevant only insofar as they bear on the interpretation of the terms of the old statute. RCW 34.05.902; *State v. Taylor,* 47 Wn. App. 118, 123, 734 P.2d 505 (1987).

have held the doctrine of substantial compliance to be applicable under RCW 51.52.110 of the Industrial Insurance Act, *see, e.g., In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980), and a handful of Court of Appeals cases which have *assumed* substantial compliance is sufficient under former RCW 34.04.130(2), *see Spokane Cy. v. Utilities & Transp. Comm'n,* 47 Wn. App. 827, 737 P.2d 1022 (1987); *Adkins v. Hollister, supra; see also Leson v. Department of Ecology,* 59 Wn. App. 407, 799 P.2d 268 (1990).

We again disagree. Even if the doctrine of substantial compliance were applicable under the APA, a question which we need not decide, the City has not satisfied the requirements of that doctrine.

"Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [a] statute." *In re Santore,* 28 Wn. App. 319, 327, 623 P.2d 702, *review denied,* 95 Wn.2d 1019 (1981) (citing *Stasher v. Harger–Haldeman,* 58 Cal. 2d 23, 29, 372 P.2d 649, 22 Cal. Rptr. 657 (1974)). In the cases where substantial compliance has been found, there has been actual compliance with the statute, albeit procedurally faulty. For example, in *Saltis,* a petition was delivered to the Department of Labor and Industries, not to the "director" of the Department as required by the statute. The court found that the director would in fact eventually receive the petition and therefore found that there had been substantial compliance with the statute. In other words, there was "actual compliance" with the "substance" of the statutory requirement: The director, who was required by statute to receive the petition, would receive the petition. Likewise, where service on an attorney has been deemed substantial compliance, the holding has been based on the fact that the "party" who was required under the statute to receive the petition would actually receive the petition. *Vasquez v. Department of Labor & Indus.,* 44 Wn. App. 379, 722 P.2d 854 (1986).

It is impossible to substantially comply with a statutory time limit in the same way. It is either complied with

or it is not. Service after the time limit cannot be considered to have been actual service within the time limit. We therefore hold that failure to comply with a statutorily set time limitation cannot be considered substantial compliance with that statute. *See Mulenex,* at 487; *Adkins,* at 384–85; *Banner Realty, Inc. v. Department of Rev.,* 48 Wn. App. 274, 277–78, 738 P.2d 279 (1987).

By failing to serve its petitions within the 30 day time limit established by former RCW 34.04.130(2), the City has failed to invoke the superior court's appellate jurisdiction. Consequently, we dismiss the City's appeal.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

GUY, J. (concurring)—I concur in the result and the reasoning of the majority. I would also have held that the City of Seattle's no–smoking policy for city employees is a mandatory subject of collective bargaining.

UTTER and JOHNSON, JJ., concur with GUY, J.