**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULA RAMSUM, an unmarried person, | No. 13-35371 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01152-RSM |
| v. | |
| WALTER FRENZEL; JANE DOE FRENZEL; JPMORGAN CHASE BANK, NA, successor to Washington Mutual Bank, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted June 1, 2015
Seattle, Washington

Before: O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Paula Ramsum appeals the district court decision dismissing her action for

judicial foreclosure against property in Whatcom County, Washington, that was

formerly owned by her ex-husband.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo dismissals under Fed. R. Civ. P. 12(b)(6). *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). In light of the Washington statutes at issue in this case, we affirm. *See* Wash. Rev. Code §§ 4.64.030, 65.04.045, 65.04.047, 26.18.020, 26.18.055, 26.21.480, 26.21.490. Because Ramsum did not identify or describe her ex-husband's former property in the documents she filed with the Whatcom County Auditor's Office, she did not substantially comply with the requirements for recording liens against real property. *See Kim v. Lee*, 9 P.3d 245, 249 (Wash. App. Ct. 2000), *rev'd on other grounds,* 31 P.3d 665 (Wash. 2001) (en banc) ("Washington courts have long upheld actions taken in substantial compliance with statutory requirements, albeit with procedural imperfections. Substantial compliance requires 'actual compliance in respect to the substance essential to every reasonable objective of [the] statute.'" (quoting *City of Seattle v. Pub. Emp't Relations Comm'n*, 809 P.2d 1377, 1380 (Wash. 1991) (en banc))).

The district court also did not abuse its discretion when it denied Ramsum's motion to vacate under Fed. R. Civ. P. 60(b). *Maraziti v. Thorpe*, 52 F.3d 252, 253 (9th Cir. 1995) ("This Court reviews a denial of a Rule 60(b) motion for relief from judgment under an abuse of discretion standard."). Ramsum could have made the legal argument set forth in her motion to vacate in response to JP Morgan

2

Chase's Rule 12(b)(6) motion to dismiss. *See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (holding that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (internal citation omitted)). Regardless, the statute Ramsum relied on in her Rule 60(b) motion—Wash. Rev. Code § 65.04.047—does not alter the outcome.

**AFFIRMED.**