FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 SEP 17 AM 8: 36

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SING CHO NG, | ) | DIVISION ONE |
| Appellant, | ) ) | No. 76578-7-I |
| v. | ) ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | FILED: September 17, 2018 |

DWYER, J. — Sing Cho Ng appeals from a superior court order dismissing his petition for review of a Department of Social and Health Services (Department) administrative law judge's order determining his food benefits. The Washington Administrative Procedure Act (APA), chapter 34.05 RCW, requires that such a petition for review be filed in court and served on opposing parties within 30 days of the decision being appealed. RCW 34.05.542(2). Because Ng did not serve the Department within the 30-day time limit, the superior court properly dismissed his petition. Accordingly, we affirm.

I

The Department determined Ng's proper food benefits to be $6 per month. On March 18, 2016, the administrative law judge, in a final order on reconsideration, determined that the Department had properly established Ng's benefits. The final order contained the following findings of fact:

4.1 Sing C. Ng (Appellant) is a 72 year old male who is the sole person in his Assistance Unit (AU). Appellant had been a recipient of Basic Food (BF) benefits prior to November 2015, in the amount of $71.00 per month.

4.2 The Washington State Department of Social and Health Services (the Department), had reduced Appellant's benefit amount by $10.00 per month in order to recoup an overpayment.

4.3 Appellant received Social Security income of $674.00 per month in addition to a retirement payment of $264.58 per month. . . .

4.4 Appellant had been renting a room at the Bing Kung Apartments on Seventh Avenue in Seattle until he was evicted from the apartment on October 6, 2015. . . . Since his eviction, Appellant has been living in an automobile or "couch-surfing" at friends' homes. . . .

4.5 On October 30, 2015, the Department received returned mail that was sent to Appellant with a forwarding PO Box address for Appellant. . . .

4.6 On November 18, 2015, Appellant reported to the local Federal Way CSO office that he had become homeless and no longer resided at his Bing Kung apartment. . . .

4.7 The Department applied the new information to the recalculation of Appellant's BF benefit amount without a shelter cost deduction for rent.

4.8 On November 18, 2015, the Department sent Appellant a Benefit Change Notice announcing the reduction of his benefits from $71.00 per month to $6.00 per month effective December 1, 2015. . . . This reduction includes the $10.00 recoupment for the prior overpayment.

4.9 Appellant has pursued grievances against his landlord at Bing Kung Apartments, as well as claims for his belongings that were in storage, in the Superior Court for King County[,] Washington. The court ruled against Appellant in the matter of his eviction.

    **4.10**   In his request for re-opening, Appellant argues that although he does not pay rent he has other housing expenses for the Bing Kung apartment, such as housing association fees and utilities. Among the documents which Appellant submitted later was what he purports to be association fees of $300.00 paid to Quiet Forest 3 HOA on November 8, 2015. . . .

    **4.11**   Appellant also reports a "stay of hearing" and a "rehearing" in his cover letter.

The final order informed Ng that he had a right to appeal the order to superior court "within thirty (30) calendar days of the mailing date of the Final Order." More than 30 days after the date on which the order was mailed, Ng filed a petition in King County Superior Court seeking judicial review.

Following a hearing on January 13, 2017, the superior court dismissed Ng's petition, finding that the petition had not been filed within 30 days as mandated by RCW 34.05.542(2). Ng was present at the hearing and presented argument in opposition to the Department's motion to dismiss. The superior court denied Ng's subsequent motion for reconsideration.

II

The APA governs appeals from orders of the Department. RCW 34.05.510. The APA sets forth the procedural requirements for initiating superior court review, mandating that a "petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2). Service of the agency's final order is "complete when the agency mails the decision to the parties"—not when it is received by the aggrieved party. City of Seattle v. Pub. Emp't Relations Comm'n, 116 Wn.2d 923, 927, 809 P.2d 1377 (1991) (PERC).

The APA contains no exception excusing failure to comply with these mandatory filing and service requirements. Clymer v. Emp't Sec. Dep't, 82 Wn. App. 25, 30, 917 P.2d 1091 (1996) (dismissing petition when petitioner failed to file petition for review until one day after the 30-day filing limitation period). "It is impossible to substantially comply with a statutory time limit . . . . It is either complied with or it is not. . . . [F]ailure to comply with a statutorily set time limitation cannot be considered substantial compliance." PERC, 116 Wn.2d at 928-29. Therefore, if statutorily compliant service is not accomplished prior to expiration of the statutory time limit, the superior court's authority to act in an appellate capacity is not invoked. PERC, 116 Wn.2d at 926; San Juan Fidalgo Holding Co. v. Skagit County, 87 Wn. App. 703, 713, 943 P.2d 341 (1997).

Here, Ng is seeking judicial review of a benefits determination of the Department; thus, the APA's time limitations apply. Ng had 30 days from March 18, 2016 (the date of mailing of the final order) to both file his petition for review in court and serve the petition on the Department and the attorney general's office. It is undisputed that Ng's petition for review was neither filed in court nor served on the Department within 30 days of the final order, given that his certificate of service alleges that it was filed in court and served (by placing it in the mail) on April 22. Ng has argued that because March 18, 2016 was a Friday, the 30-day period did not commence until Monday, March 21, 2016. This is so, he avers, because that day was the earliest date on which he could have gained access to his post office box. However, Ng provides no legal authority supporting this position, and it is contrary to the plain language of RCW

No. 76578-7-I/5

34.05.010(19), which provides that service is complete when the document at issue is deposited in the United States mail. Because Ng failed to satisfy the statute's requirements, the superior court properly entered an order of dismissal.

Affirmed.

We concur:

-5-