# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LORIE FLETCHER, Ph.D., | No. 56795-4-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE HEALTH EXAMING BOARD OF PSYCHOLOGY, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Dr. Lorie Fletcher appealed the Examining Board of Psychology's decision to deny her application for a psychologist license after it found that Fletcher had not met the education and experience requirements. Fletcher sought judicial review in Thurston County Superior Court. The superior court dismissed Fletcher's petition for review because it was untimely. We reverse the superior court and remand for additional proceedings consistent with this opinion.

## FACTS

Fletcher applied for licensure as a psychologist to the Examining Board of Psychology (the Board). In the application, Fletcher listed her educational credentials and her supervised experience.

The Board denied Fletcher's application. The reason given was "failure to submit verifiable documentation that she met the requirements for licensure," because she "had not met the credit requirements found in WAC 246-924-046(3), and that [she] had not provided sufficient

documentation to demonstrate that she met the required preinternship and post-doctoral supervision hours." Clerk's Papers (CP) at 113-14.

Fletcher requested a hearing to contest the decision. The Board held a de novo hearing and once again denied the application. The Board found that Fletcher failed to meet the coursework requirements of WAC 246-924-046(3). The Board also found that Fletcher did not prove by a preponderance of the evidence that she met the 1,500 hours of experience required by WAC 246-924-043(1)(c)(ii).

The final order denied Fletcher's credential to practice as a psychologist in the state of Washington. On January 22, 2021, the Board's findings of fact, conclusions of law, and final order were served to Fletcher via mail. The order specified a 10-day deadline to file a petition for reconsideration and a 30-day deadline to file a petition for judicial review. On February 8, Fletcher filed a motion for reconsideration, which was denied because it was filed beyond the 10-day deadline.

Fletcher then filed a petition for judicial review in Thurston County Superior Court that was date stamped by the clerk's office on February 23. At the time, due to COVID-19 protocols implemented to prevent infection, the clerk's office was using a drop box to accept these filings.

The Board moved to dismiss for lack of jurisdiction under CR 12(b)(1) because the petition was untimely under RCW 34.05.542(2). In response, Fletcher argued that because the order was sent by mail, CR 6(e) allowed an additional three days to file. She also submitted a supplemental response to the motion asserting that she had filed the petition on February 22. The supplemental response included time-stamped photos, purporting to show that she delivered the petition to the clerk's drop box on February 22 at 4:34 PM.

The superior court held a hearing and granted the Board's motion to dismiss. In its ruling, the court explained that: (1) Fletcher did not comply with the Administrative Procedure Act's (APA) deadline because she "did not file a petition for judicial review with [the] court within thirty days after service of the Board's Final Order"; (2) Fletcher's "petition for judicial review does not comply with the timing requirements in RCW 34.05.542(2) for filing a petition for judicial review"; and (3) as a result, the "court lacks jurisdiction to hear Fletcher's petition for judicial review." CP at 179. The court emphasized in its oral ruling that "the court needs to rely on the official documents, and the official document is the date stamp from the clerk's office saying that the filing occurred on February 23rd." Rep. of Proc. (RP) (Feb. 11, 2022) at 30.

Fletcher moved for reconsideration, asserting the same argument: that she filed on February 22, and that she was entitled to three extra days to file under CR 6(e).

The Board's position was that the petition was filed untimely, as stamped, on February 23, and that CR 6(e) does not apply because the APA governs service of agency final orders. The court heard argument but then continued the matter pending an investigation into the timing of the filing of the petition for judicial review (per Fletcher's request to the Thurston County Superior Court Clerk's Office). The Chief Deputy Clerk wrote a letter to Fletcher saying:

> I have reviewed your petition filed in the court file which if filed on 2-23-21 at 11:04 a.m. In your letter you stated that you had deposited the petition in our dropbox on 2-21-21 at 4:34 p.m. It is our practice to check the dropbox a minimum of three times daily with the last check at about 4:45 p.m. Our office does not keep any kind of log of when we check the dropbox.

RP (May 6, 2022) at 11-12.

The court held argument once more and then denied the motion for reconsideration. The court found that "[n]o CR 59 grounds exist for this court to reconsider its February 11, 2022 Order Granting Dismissal of Petitioner's Petition for Judicial Review." CP at 241. In its oral ruling, the

3

court acknowledged that "if the Clerk's investigation had indicated that there was an issue with the processing of a petition for judicial review, making it timely, then the Court could have considered that" but that "[t]he Clerk's investigation as documented from [the] Chief Deputy['s] letter did not produce new evidence." RP (May 6, 2022) at 13-14.

Fletcher appeals the dismissal of her petition and a notice of supplemental appeal from the denial of the motion for reconsideration.

## ANALYSIS

### I. THE EXAMINING BOARD OF PSYCHOLOGY'S AUTHORITY

The Board regulates the practice of psychology in Washington and has the authority to grant or deny applications for licensure. RCW 18.130.050(15); RCW 18.83.035 ("There is created the examining board of psychology which shall examine the qualifications of applicants for licensing."); RCW 18.83.050(2) ("The board shall examine the qualifications of applicants for licensing under this chapter, to determine which applicants are eligible for licensing.").

When an application is denied, the Board sends a notice of decision and provides an opportunity for the applicant to contest the decision. RCW 18.130.055(3) ("The disciplining authority shall give written notice to the applicant of the decision to deny a license or grant a license."); RCW 18.130.055(4) ("A license applicant who is aggrieved by the decision to deny the license or grant the license with conditions has the right to an adjudicative proceeding."). The Board "shall make the final decision regarding disposition of the license." RCW 18.130.050(10).

### II. TIMELINESS OF THE PETITION

Fletcher argues that the trial court erred in dismissing her petition for review because it was timely filed with the Thurston County Superior Court Clerk's office. We hold that the trial court

4

abused its discretion in ruling that the petition was untimely and dismissing the petition for review for lack of jurisdiction.

A.     Standard of Review

The APA, chapter 34.05 RCW, governs appeals from the Board's actions.  RCW 18.130.100 ("The procedures governing adjudicative proceedings before agencies under chapter 34.05 RCW, the [APA], govern all hearings before the disciplining authority."); RCW 34.05.510 ("This chapter establishes the exclusive means of judicial review of agency action.").  "A court does not obtain jurisdiction over an appeal from an agency decision unless the appealing party timely files and serves the petition for judicial review on the agency and all parties." *Clark County v. Growth Mgmt. Hr'gs Bd.*, 10 Wn. App. 2d 84, 94, 448 P.3d 81 (2019); *Skagit Surveyors & Eng'rs LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998).  To invoke appellate jurisdiction, the party requesting judicial review has the burden to demonstrate that they have met all of the requirements of the APA.  *See Diehl v. W. Wash. Growth Mgmt. Hr'g Bd.*, 118 Wn. App. 212, 219, 75 P.3d 975 (2003).

B.     The Trial Court Abused Its Discretion in Ruling that Fletcher had Not Filed Her Petition on February 22

Under the APA, "[a] petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order."  RCW 34.05.542(2).  This is a necessary condition for appellate jurisdiction.  *Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995).

The superior court acts in a limited capacity when reviewing an administrative decision. *Id.*  "[T]he superior court does not obtain jurisdiction over an appeal from an agency decision unless the appealing party files a petition for review in the superior court and serves the petition

on all of the parties." *City of Seattle v. Pub. Emp. Rel. Comm'n*, 116 Wn.2d 923, 926, 809 P.2d 1377 (1991).

> "When reviewing an administrative decision, the superior court is acting in its limited appellate capacity, and all statutory procedural requirements must be met before the court's appellate jurisdiction is properly invoked. Therefore, under the administrative procedure act (APA), the superior court does not obtain jurisdiction over an appeal from an agency decision unless the appealing party files a petition for review in the superior court and serves the petition on all of the parties."

*Union Bay Pres. Coal.*, 127 Wn.2d at 617-18 (internal citation omitted) (quoting *Pub. Emp. Rel. Comm'n*, 116 Wn.2d at 926. If the statutory procedural requirements are not met, the court must dismiss the matter. *Nat'l Parks Conservation Ass'n v. Dep't of Ecology*, 12 Wn. App. 2d 977, 982, 460 P.3d 1107 (2020).

The time at which a document was filed is a factual determination. We review the trial court's factual determination for abuse of discretion. *State v. Ortega*, 120 Wn. App. 165, 171, 84 P.3d 935 (2004). A trial court abuses its discretion when it relies on unsupported facts in issuing its decision. *Hundtofte v. Encarnación*, 181 Wn.2d 1, 7, 330 P.3d 168 (2014). An abuse of discretion also occurs if the factual assumptions made by a trial court do not meet the requirements of the governing legal standard. *Hoffman v. Kittitas County*, 4 Wn. App. 2d 489, 495-96, 422 P.3d 466 (2018). As long as some factual basis exists to support a trial court's decision, the abuse of discretion standard is met and further scrutiny is unwarranted. *Id.* at 496.

Here, it is uncontroverted that Fletcher placed her petition in the clerk's drop box on February 22. Indeed, Fletcher presented uncontroverted evidence as to this fact in the form of her supplemental response declaration, which attached the time-stamped photos While the clerk's stamp demonstrates when documents were *stamped* as filed, it does not demonstrate when they were placed in the drop box. To that point, the clerk's stamp does not contradict that Fletcher

placed the documents in the drop box when the time-stamped photos show she did, that is on February 22.

Assuming without deciding that the unsworn letter from the clerk's office is properly considered under the evidence rules, it merely states that it is the clerk's office's "practice to check the dropbox a minimum of three times daily with the last check at about 4:45 p.m." and the "office does not keep any kind of log of when [it] check[s] the dropbox." RP (May 6, 2022) at 11-12. While a statement of general practice, *the letter does not definitively assert that the clerk's office did in fact check the drop box at 4:45 PM on February 22*. So neither the letter nor any other evidence contradicts that Fletcher submitted her petition on the afternoon of February 22. The petition could both be delivered to the clerk's office timely on February 22 and stamped by the clerk on February 23; pointedly, these occurrences are not mutually exclusive. There is no evidence to suggest that the clerk's office, as is likely in non-pandemic times, contemporaneously time-stamped filings as they were made. Indeed, the understandable practices undertaken by the clerk of utilizing a drop box to insulate its employees from infection during the COVID-19 pandemic militates against any inference of contemporaneous time stamping of filed documents.

Under these unique circumstances, where the clerk's office had COVID-19 protocols in place and Fletcher's declaration was the only admissible evidence on the issue of when the petition was delivered to the clerk's office, we conclude that the trial court abused its discretion in relying solely on the clerk's stamp and disregarding the evidence presented.

CONCLUSION

In light of our conclusion that the trial court abused its discretion in concluding Fletcher's filing was untimely, we need not reach the issue of whether the trial court erred in denying the

7

motion for reconsideration. We reverse the trial court and reinstate Fletcher's appeal to the superior court from the Board. We remand for additional proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Che, J.