IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KENT HUXEL DBA GEOMETRIC PRECISION SYSTEMS LLC,<br><br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>BOARD OF REGISTERED PROFESSIONAL ENGINEERS & LAND SURVEYORS,<br><br>　　　　　　　Respondent. | No. 85547-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Kent Huxel[1] appeals the trial court's dismissal of his petition for judicial review of a default order issued by the Washington State Board of Registration for Professional Engineers and Land Surveyors (Board) disciplining him for surveying land without a license. Because Huxel did not timely serve his petition on the Board, we affirm.

## FACTS

In September 2022, the Board received an email from a homeowner questioning whether Huxel was a licensed land surveyor. The Board investigated and discovered that Huxel was surveying land in Snohomish County using the license of a deceased surveyor. It concluded that Huxel is not a

---

[1] Huxel moved to "proceed[ ] anonymously or pseudonymously" in his appeal because his arguments "contain references to a document alleging [his] involvement in a vacated criminal offense." A commissioner of this court referred his motion to the panel. Because Huxel shows no grounds warranting redaction of his identity, we deny his motion.

licensed surveyor and used the expired license number to conduct at least one survey.

On November 2, 2022, by certified mail and email, the Board served Huxel with a temporary cease and desist order and notice of his legal rights. The notice instructed Huxel how to request a hearing and stated that the Board must receive his request "no later than 20 calendar days from the date this notice was mailed or personally delivered to you." The notice also advised Huxel, "**If you fail to request a hearing within 20 days from when the Immediate Cease and Desist was mailed or personally delivered to you, then you will be in default and will lose your right to a hearing**." The notice warned Huxel he would be fined $1,000 "each day [he] does not comply with the cease and desist order."

Huxel did not request a hearing. So, on December 8, 2022, the Board issued a "Permanent Order to Cease and Desist—Default" that assessed a $30,000 fine for surveying without a valid license. On December 12, by certified mail and email, the Board sent the default order to Huxel.

On December 14, 2022, Huxel emailed the Board, seeking reconsideration of the order:

> I just found out that this "final" "order" was merely a summons. The way it was presented to me implied that I never had the right to defend myself. I'd like to do so, as I have some serious issues I'd like to present. I also infer that I do not have the right to appeal, as this was not discussed in the second final order.

On December 27, the Board denied Huxel's request for reconsideration, noting, "Because you did not timely respond to the Statement of Charges and request a

hearing, you have no further right to an adjudicative proceeding." The Board mailed and emailed Huxel a copy of the decision on January 5, 2023.

On January 26, 2023, Huxel petitioned for judicial review in Snohomish County Superior Court. But he did not serve the Board with a copy of the petition until February 7. The Board moved to dismiss[2] the petition, arguing that Huxel did not timely file or serve the Board with his petition under the Administrative Procedure Act (APA), chapter 34.05 RCW, so the court could not grant relief.

On May 2, 2023, the trial court granted the Board's motion and dismissed Huxel's petition. On June 22, the court denied Huxel's motion for reconsideration.

Huxel appeals.

### ANALYSIS

Huxel argues the trial court erred by dismissing his petition as time barred. We review de novo an order of dismissal for failure to comply with the service requirements of the APA. *Ricketts v. Washington State Bd. of Acct.*, 111 Wn. App. 113, 116-17, 43 P.3d 548 (2002). We also review the meaning of a statute de novo, giving effect to its clear and unambiguous language as an expression of legislative intent. *Id.* at 116.

The Uniform Regulation of Business and Professions Act, chapter 18.235 RCW, consolidates and standardizes procedures for the regulation and discipline of businesses and professions subject to the Department of Licensing. RCW

---

[2] The motion to dismiss is not in the appellate record. Huxel did designate the declaration of the Board's investigations and compliance manager in support of the Board's motion to dismiss.

18.235.005. The act delegates to the Board regulatory and disciplinary authority over licensed professional engineers and land surveyors. RCW 18.235.020(2)(b)(iii). This includes the authority to investigate and discipline engineers or land surveyors engaged in "unprofessional conduct." RCW 18.235.130. Practicing without a license is unprofessional conduct. RCW 18.235.130(15).

If the Board has reason to believe a person is engaged in the unlicensed practice of engineering or surveying, it may "issue a notice of intent to issue a cease and desist order." RCW 18.235.150(2). "The notice shall include a brief, plain statement of the alleged unlicensed activities, act, or practice constituting a violation of this chapter." RCW 18.235.150(4). The person to whom the notice is issued must request a hearing to contest the allegations within 20 days after service of the notice. *Id.* Failure to request a hearing will result in default, and the Board may enter a permanent cease and desist order and impose a civil fine. *Id.*

An aggrieved person may petition the superior court for judicial review of the Board's final order under the APA. *See* RCW 34.05.542(2). But the petition must comply with statutory time limits to invoke the jurisdiction of the superior court. *Stewart v. Dep't of Emp. Sec.*, 191 Wn.2d 42, 53, 419 P.3d 838 (2018). The "test for compliance is strict because '[i]t is impossible to substantially comply with a statutory time limit. . . . It is either complied with or it is not.' " *Id.*[3]

---

[3] Alterations in original.

(quoting *City of Seattle v. Pub. Emp't Rels. Comm'n*, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991)).

Under RCW 34.05.542(2), a petitioner must file their request for judicial review with the court and serve their petition on the Board and all parties of record within 30 days after service of the Board's final order. "Service" of the Board's final order occurs on the date it mails its decision. RCW 34.05.010(19). But when, as here, a petitioner timely moves for reconsideration, "the time for filing a petition for judicial review does not commence until the agency disposes of the petition for reconsideration." RCW 34.05.470(3); *see also* RCW 34.05.470(1) (any party may move for reconsideration within 10 days of the service of the final orders).

Service of a petition for judicial review on the Board occurs on the date the petitioner delivers their petition to the Board's director, chief administrative officer, or chairperson at the Board's principal office. RCW 34.05.542(4). A petitioner may serve other parties of record and the attorney general by mail, which "shall be deemed complete upon deposit in the United States mail, as evidenced by the postmark." *Id.*

The Board argues that Huxel did not timely file or serve his petition for judicial review. We disagree that Huxel did not timely file his petition. But we agree that the trial court properly dismissed Huxel's petition because he did not timely serve the Board.

The record shows that the Board mailed and emailed its default order to Huxel on December 12, 2022. But Huxel petitioned for reconsideration. The Board then denied reconsideration on December 27, but it did not mail its decision to Huxel until January 5, 2023. So, under RCW 34.05.542(2), Huxel had until February 6, 2023[4] to timely file and serve his petition for judicial review. Huxel filed his petition with Snohomish County Superior Court on January 26, 2023, but he did not serve the Board with his petition until February 7—one day after the statutory deadline.

Huxel argues that the time to petition should have begun to run on January 9 instead of January 5 because that is the day he received the order denying reconsideration. But, as discussed above, the APA requires a petitioner to serve the Board within 30 days after service of the final order. RCW 34.05.542(2). And "service" occurs on the date the Board mails the decision. RCW 34.05.010(19).[5] Huxel cites no authority to the contrary. *See Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 57, 476 P.3d 589 (2020) (when a petitioner cites no authorities in support of a proposition, we need not search out authorities, but may assume that after diligent search, the petitioner found none) (citing *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

---

[4] Thirty days from January 5, 2023 was February 4. But that day was a Saturday, so the time period runs to "the end of the next day which is neither a Saturday, a Sunday nor a legal holiday." *See* CR 6(a). In this case, that date was Monday, February 6, 2023.

[5] We note the Board also emailed Huxel the denial letter on January 5, 2023.

Because Huxel failed to timely serve the Board with his petition for judicial review, we affirm the trial court's order dismissing his petition.[6]

Brenner, J

WE CONCUR:

Chung, J.                           Mann, J.

---

[6] Because Huxel's petition is time barred, we do not address his arguments on the merits.