IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SANKEY DAVENPORT, | No. 86748-2-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| EMPLOYMENT SECURITY DEPARTMENT, | |
| Respondent. | |

CHUNG, J. — Sankey J. Davenport appeals the superior court's dismissal of his administrative appeal of decisions by the Employment Security Department (ESD) for insufficient service under the Administrative Procedure Act (APA), RCW 34.05.542(2). We affirm.

FACTS

Davenport failed to attend a hearing set for October 16, 2023 by the Office of Administrative Hearings. The ESD Commissioner affirmed the dismissal of Davenport's administrative appeals based on his nonappearance at the hearing without good cause in three final decisions, which it mailed to Davenport on February 2, 2024.

On February 23, 2024, Davenport filed notices of appeal of the ESD Commissioner's decisions in King County Superior Court. Davenport also filed a document titled "Complaint for Good Cause for failing to appear at the October 16, 2023 hearing," which identified his claim as one for good cause for failing to appear at the October 16, 2023 administrative hearing and set out the background facts and basis for

his claim on appeal. However, Davenport did not serve ESD with a copy of the "complaint." Instead, the record shows that Davenport served ESD only with a document titled "Notice Regarding Administrative Law Review Cases." The notice bore a case caption identifying Davenport as the initiating party of the case against ESD and a case number, but it did not indicate what agency decisions he was appealing, nor did it include a copy of the complaint.

ESD moved to dismiss the appeal for failure to serve it with a petition for judicial review. Davenport did not file a response. At the hearing on ESD's motion, the court noted that the documents in the record showed that the process server served only the document "Notice Regarding Administrative Law Review Cases" to ESD. Davenport agreed that was the only paperwork served; however, he stated that he also had provided the summons and the complaint to the process server but that "there must have been a mistake."

At the hearing, the court also reviewed the record with ESD, noting that on the document titled "Proof of Personal Service," under the heading "List of All Documents You Served," the box for "Complaint/Petition to/for Review" was checked. However, ESD pointed out that in the "actual Declaration of Service" from the process server, the only document identified as personally served was the "Notice regarding administrative law review cases," and "that is what the AGO was, in fact, served with." Davenport agreed that in the "Proof of Service" document, under the list of documents served, the boxes for summons and complaint should have been checked, but were not. He also acknowledged he had not attempted to get a declaration from the process server stating that he received the documents but failed to serve them. The court concluded that it

2

lacked jurisdiction due to Davenport's failure to "serve a copy of a petition for judicial review on the Department within thirty days after service of the Commissioner's final decisions, as is required by RCW 34.05.542(2)" and dismissed Davenport's appeal. Davenport timely filed a notice of appeal of the superior court's dismissal order.

## DISCUSSION

Before a superior court can exercise its appellate jurisdiction under the APA, " 'all statutory procedural requirements must be met.' " <u>Stewart v. Dep't of Emp. Sec.</u>, 191 Wn.2d 42, 52, 419 P.3d 838 (2018) (quoting <u>Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.</u>, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995)). The APA requires that to timely perfect an appeal, a party must serve their petition on "the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." RCW 34.05.542(2). The petition for review must include "[t]he name and mailing address of the agency whose action is at issue" and "[i]dentification of the agency action at issue, together with a duplicate copy, summary, or brief description of the agency action." RCW 34.05.546(3), (4).

Compliance with this 30-day deadline is strict, as " '[i]t is impossible to substantially comply with a statutory time limit. . . . It is either complied with or it is not.' " <u>Stewart</u>, 191 Wn.2d at 53 (quoting <u>City of Seattle v. Pub. Emp't Relations Comm'n</u>, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991)). " 'By failing to serve [a] petition[ ] within the 30 day time limit,' a party 'fail[s] to invoke the superior court's appellate jurisdiction.' " <u>Stewart</u>, 191 Wn.2d at 54 (quoting <u>City of Seattle</u>, 116 Wn.2d at 929).

Here, because ESD mailed the Commissioner's final decisions to Davenport on February 2, 2024, to meet the APA's 30-day deadline for judicial review, Davenport had

until Monday, March 4, 2024, to both file and serve his petition. Although Davenport served the "Notice Regarding Administrative Law Review Cases" by that deadline, he acknowledges that he "failed to handover the correct documentation (summons, complaint) to the Commissioner of the ESD, and the office of Attorney General of Washington (AG)."[1]

Davenport's briefing then focuses on the merits of ESD's dismissal of his appeal, rather than the superior court's dismissal—i.e., good cause for why he did not appear for his original hearing. However, on the only issue decided by the superior court— whether Davenport satisfied RCW 34.05.542(2)'s requirements for service of a petition for review—it is undisputed that he did not. Because the superior court's appellate jurisdiction was predicated on all statutory requirements being met, the superior court lacked jurisdiction. "A court lacking jurisdiction must enter an order of dismissal." Conom v. Snohomish County, 155 Wn.2d 154, 157, 118 P.3d 344 (2005).

Accordingly, we affirm the superior court's dismissal of Davenport's appeal.

_Chung, J._

WE CONCUR:

_Feldman, J._              _Díaz, J._

---

[1] In his briefing on appeal, Davenport suggests that it was not proper for the superior court to consider his statements during the hearing as he was not sworn in under oath. But even without his statements, he does not point to any evidence that rebuts the documentary evidence in the record that shows the petition was not properly served.