IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GENIE JAMES, | ) | No. 41202-4-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALASKA AIRLINES, SEDGWICK | ) | |
| CLAIMS & DEPARTMENT OF LABOR | ) | |
| AND INDUSTRIES, | ) | |
| | ) | |
| Respondents. | ) | |

HILL, J. — Genie James appeals the superior court's order granting Alaska

Airlines' motion to dismiss her appeal from a decision of the Board of Industrial Appeals

(Board) on jurisdictional grounds for failing to comply with RCW 51.52.110. Although

James acknowledges that she mistakenly referenced the wrong order in her notice of

appeal, she argues she actually complied with the statute. We agree and reverse.

BACKGROUND

James, an Alaska Airlines flight attendant, sustained a work-related injury in

March 2021. The following year, the Department of Labor and Industries (Department)

filed an order allowing James's claim for benefits related to that injury. The Department

thereafter issued various orders that James appealed to the Board. After hearing the

No. 41202-4-III
*James v. Alaska Airlines*

appeals, the industrial appeals judge issued a proposed decision and order on January 9,

2024 (January proposed order).  James petitioned the Board to review the January

proposed order.  The Board did so and issued an order denying the petition on March 6,

2024 (March order):

**BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS**
**STATE OF WASHINGTON**
2430 Chandler Court SW, P O Box 42401
Olympia, Washington 98504-2401 • www.biia.wa.gov
(360) 753-6823

| In re:  **GENIE JAMES** | Docket No.    22 22800  22 22801  22 22802<br>22 22803 |
|---|---|
| Claim No.  SY-30883 | **ORDER DENYING PETITION**<br>**FOR REVIEW** |

Industrial Appeals Judge **MOLLY M. DAVIS** issued a Proposed Decision and Order on **January 9, 2024**. Copies were mailed to the parties of record.

The claimant filed a Petition for Review, as provided by RCW 51.52.104.

The Board has considered the Proposed Decision and Order and the Petition for Review.  The Petition for Review is denied (RCW 51.52.106).  The Proposed Decision and Order becomes the Decision and Order of the Board.

Dated: March 06, 2024.

BOARD OF INDUSTRIAL INSURANCE APPEALS

HOLLY A. KESSLER, Chairperson

JACK S. ENG, Member

c:   L&I

2

No. 41202-4-III
*James v. Alaska Airlines*

On April 1, 2024, James filed a notice of appeal with the superior court:

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**

**COUNTY OF SPOKANE**

| | |
|---|---|
| GENIE JAMES, | ) |
| Plaintiff, | ) CAUSE NO.: **24 201 589 -32** |
| vs. | ) |
| ALASKA AIRLINES AND SEDGWICK CLAIMS, | ) NOTICE OF APPEAL TO SUPERIOR COURT |
| Defendants. | ) |

TO: **BOARD OF INDUSTRIAL INSURANCE APPEALS**

AND TO: **ALASKA AIRLINES**

AND TO: **SEDGWICK CLAIMS**

YOU AND EACH OF YOU, will please take notice that the above-named plaintiff, GENIE JAMES, the claimant herein, being aggrieved by the Order of the Board of Industrial Insurance Appeals of the State of Washington dated January 9, 2024, and received by the Plaintiff on January 12, 2024 in the case of Genie James; Claim No.: SY-30883; Docket Nos.: 22 22800, 22 22801, 22 22802 & 22 22803 hereby appeals from said Order and from each and every part of said Decision and Order to the Superior Court of the State of Washington in and for the County of Spokane.

DATED this /__st__ day April, 2024.

TONY HERTEL
Attorney for Plaintiff
WSBA #: 51402

James filed an amended notice of appeal the next day. The only difference between the notices was the addition of the Department as a party.

In January 2025, Alaska Airlines filed a motion to dismiss James's appeal. Alaska Airlines argued dismissal was proper because the superior court lacked appellate jurisdiction because James's notice designated the Board's January proposed order for

3

appeal, but that order was not appealable and the March 2024 order was now final and

binding because James failed to appeal it within 30-days, as required by

RCW 51.52.110. In response, James acknowledged her error and filed a motion to

amend.

The superior court granted Alaska Airlines' motion to dismiss, reasoning that the

court did not have jurisdiction because James failed to appeal the final order within 30-

days and RCW 51.52.110 required actual compliance with the timing requirement.

Having found it did not have jurisdiction, the court did not consider James's motion to

amend.

James now timely appeals the superior court's decision.

ANALYSIS

The question before the court is one of jurisdiction, which we review de novo.

*Long Painting Co. v. Donkel*, 14 Wn. App. 2d 582, 587, 471 P.3d 893 (2020). Under the

Industrial Insurance Act (IIA), Title 51 RCW which provides an exclusive remedy for

injured workers, the Department has original jurisdiction and the superior court has

appellate jurisdiction. *Fay v. Nw. Airlines,* 115 Wn.2d 194, 197, 796 P.2d 412 (1990);

*see* RCW 51.52.110; *Long Painting*, 14 Wn. App. 2d at 587. The superior court may

properly exercise its appellate jurisdiction when a party files a notice of appeal from the

Board's final decision with the superior court within 30-days from the date on which the

party learns of the final order. RCW 51.52.110 reads:

> [W]ithin thirty days after a decision of the board to deny the petition
> or petitions for review upon such appeal has been communicated to such
> worker . . . such worker . . . may appeal to the superior court. If such
> worker . . . fails to file with the superior court its appeal as provided in this
> section within said thirty days, the decision of the board to deny the petition
> or petitions for review or the final decision and order of the board shall
> become final.
>
> Such appeal shall be perfected by filing with the clerk of the court a
> notice of appeal and by serving a copy thereof by mail, or personally, on
> the director and on the board. If the case is one involving a self-insurer, a
> copy of the notice of appeal shall also be served by mail, or personally, on
> such self-insurer.

*See also Fay v. Nw. Airlines,* 115 Wn.2d at 197-98.

As she did before the superior court, James acknowledges that she mistakenly

designated the Board's January proposed order for appeal. Notwithstanding this

acknowledgement, James argues that the superior court had appellate jurisdiction because

she complied with RCW 51.52.110's timing and service requirements and substantially

complied with the content requirement. Since her notice of appeal conveyed a clear

intent to appeal the Board's final decision and order, she argues the superior court should

have disregarded her error under RALJ 2.6(f) and allowed her to amend her notice.

Alaska Airlines responds that RCW 51.52.110 requires actual compliance. Since the

30-day time limit to appeal the March order has long since passed, Alaska Airlines argues

James can no longer appeal the Board's decision.

To support its argument that RCW 51.52.110 requires actual compliance, Alaska

Airlines cites *Long Painting*, 14 Wn. App. 2d at 584.  In that case, Long Painting

Company (LPC) appealed a final decision of the Board to the superior court.  LPC

electronically filed the notice of appeal in the final days within which it had to appeal the

order under RCW 51.52.110.  Three days later, after the expiration of the 30-day filing

period, the superior court notified LPC that the filing had been rejected because the local

court rules did not permit the electronic filing of administrative appeals.  LPC appealed

the superior court's decision to Division One of this court, arguing that the superior court

erred in rejecting its notice of appeal because it substantially complied with the

requirements of RCW 51.52.110.

In addressing LPC's argument, Division One analyzed whether LPC actually

complied with the filing requirements under RCW 51.52.110 and determined it did not.

The court then considered whether the doctrine of substantial compliance applied to the

statute's requirement to file the notice of appeal within 30-days.  The LPC court

recognized that substantial compliance with procedural rules *can* invoke appellate

jurisdiction but opined "[t]he doctrine of substantial compliance does not save a party

from the failure to comply with statutory time limits, such as the 30-day filing and service

6

requirements of RCW 51.52.110." *Long Painting*, 14 Wn. App. 2d at 588. Echoing our

state's Supreme Court, the LPC court recognized "'it is impossible to substantially

comply with a statutory time limit in the same way. It is either complied with or it is

not.'"(quoting *City of Seattle v. Pub. Emp. Rels. Comm'n*, 116 Wn.2d 923, 928, 809 P.2d

1377 (1991)).

      While we agree *Long Painting* requires actual compliance with the 30-day filing

and service requirements, substantial compliance may otherwise still grant a superior

court appellate jurisdiction. While the definition is not entirely helpful, "'[s]ubstantial

compliance has been defined as actual compliance in respect to the substance essential to

every reasonable objective of [the] statute.'" *City of Seattle*, 116 Wn.2d at 928 (quoting

*In re Habeas Corpus of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)). Perhaps

more helpful is the purpose behind the doctrine of substantial compliance, which

recognizes there is a distinct preference "'to allow appeals to proceed to a hearing on the

merits in the absence of serious prejudice to other parties.'" *Black v. Dep't of Lab. &*

*Indus.*, 131 Wn.2d 547, 552, 933 P.2d 1025 (1997) (quoting *Hoirup v. Empire Airways*,

69 Wn. App. 479, 483, 848 P.2d 1337 (1993)).

      The question becomes whether James's notice of appeal complied with the timing

and service requirements of RCW 51.52.110 and otherwise substantially complied with

the statute, such that Alaska Airlines was not prejudiced by the notice's deficiency. We conclude that it did.

Under the statute, an "appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the [B]oard." RCW 51.52.110. It is undisputed that James filed her amended notice of appeal within 30-days of when she learned of the Board's final order and that she timely served the notice of appeal on all necessary parties. James's error resides in the language of the notice, not in its timing or service, and RCW 51.52.110 does not require specific language to be used in the notice of appeal for the superior court to obtain appellate jurisdiction.

Instead, the defect is akin to an error under RALJ 2.6 (a)(3) for incorrectly designating "each decision which the party wants reviewed." When such an error occurs, "[t]he superior court will disregard defects in the form of a notice of appeal if the notice clearly reflects an intent by a party to seek review." RALJ 2.6(f). This rule can be applied in principle in this case.

Under ordinary circumstances, timely filing and serving a notice of appeal is meaningless if it does not give the opposing party fair notice as to what is being appealed. However, that is not the situation here. Although James incorrectly referenced the January proposed order in her notice of appeal to the superior court, the notice correctly

8

listed the proper parties, claim number, and docket numbers, and indicated James was appealing "each and every part of said Decision and Order." Clerk's Papers at 1. While this language referred to her designation of the January proposed order, James's intent was clear. The Board's final decision and order (March order) specifically adopted the January proposed order as its final decision without alteration. Under these circumstances, James's timely filing and service perfected her appeal and Alaska Airlines was not prejudiced by James's error. Therefore, the superior court has appellate jurisdiction to hear James's appeal.

We reverse the superior court's dismissal of James's appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____                    _____
Staab, C.J.                                        Murphy, J.